NEW-YORK,
May, 1829.

Hawkins
v.
Dutchess and
Orange Steam
Boat Co.

## HAWKINS vs. THE DUTCHESS AND ORANGE STEAM-BOAT COMPANY.

The owner of a vessel navigating a river, having it in his power to avoid a collision with another vessel, and thus avoiding an injury, refusing or neglecting to exercise the power he possesses, is guilty of negligence and liable to respond in an action on the case, although the vessel damaged has the wind, if the owner of such latter vessel does all in his power to avoid the collision.

THIS was action on the case, brought to recover damages for an injury sustained by the plaintiff in consequence of the running of a steam boat upon a sloop belonging to the plaintiff, while navigating the Hudson river. The action was tried at the Rensselaer circuit, in June, 1827, before the Hon. WILLIAM A. DUER, one of the circuit judges.

On the trial, it appeared that the vessels met just below the overslaugh below Albany; the sloop going down the river with a fair but light breeze at the rate of two miles an hour; the steam boat going up the river at the rate of six or seven miles an hour; the sloop had just crossed the bar in the usual channel, and necessarily ran near the eastern shore; the steam boat was also close in on the same shore; the officers of both vessels hailed; the plaintiff on board his sloop called to the officers of the steam boat to stop the engine; the pilot of the boat called to the plaintiff, who was at the helm of his sloop, to bear away; the plaintiff did bear away, but as he had but little headway on his vessel, he made but little progress; the engine of the steam boat was stopped, but the boat was not backed, as she might have been, and struck with her bow the waist of the plaintiff's sloop and injured her materially. The sloop leaked all the way to New-York, where she underwent some repairs, and after four or five days resumed her trips on the river; the carpenter who repaired her said it could not be done thoroughly short of re-building the sloop, and that if he owned her he would not have suffered the injury for $500.

The jury found a verdict for $400, which was moved to be set aside as against the weight of evidence.

NEW-YORK,
May, 1829.

Hawkins
v.
Dutchess and
Orange Steam
Boat Co.

*J. Edwards,* for defendants.

*H. P. Hunt,* for plaintiff.

*By the Court,* Savage, Ch. J. The plaintiff's claim to damages is founded upon the supposed negligence of the defendants' agents, the officers of the boat; and the question is, whether, from the facts in the case, such negligence is proved. The defendants' counsel assumes, as the common law of vessels navigating the Hudson river, that the vessel having a favorable wind is bound to give way, so as to avoid every other vessel she meets, and permit them to pursue their course without deviating from their track. How such a regulation has been established does not appear; nor is the existence of such a usage shewn in the case. But suppose such a practice to have prevailed, it must have been founded on the fact that a vessel with a fair wind is more under the control of her officers and crew than a vessel which has not the wind, and, therefore, if the officers of the first vessel do not avoid collision when it is completely in their power to do so, it is evidence of gross negligence at least. The reason of this rule, (if such a one exists,) is applicable to steam boats at all times, as they have always a favorable wind, or rather a propelling power, equal to a favorable wind, and which renders the vessel equally manageable as one with a favorable wind, and, indeed, more so, as it appears in evidence that it was in the power of those who managed the engine not only to stop the vessel's progress instantly, but also to back her, or give her a retrograde movement.

The real question is, whether the officers of the steam boat were not guilty of negligence in refusing or neglecting to exercise the power they possessed, which would have prevented the injury. The boat was perfectly under the control of its officers, the sloop was not; the officers of the boat did not endeavor to avoid the collision which they might have done either by backing their boat or by going on the west side of the sloop, where there was room enough and water

NEW-YORK,   enough. The sloop was compelled to go near the east shore,
May, 1829.   in order to pass the bar with safety, and after passing the bar,
Stammers    the captain did all in his power to avoid the collision by en-
v.           deavoring to go west of the boat; but, from the slow motion
Macomb.      of his sloop, this was impracticable before the boat struck him.
             This appears to me a strong case of negligence, if not
             of wilful injury; and, as the jury are justified by the
             testimony in the amount of their verdict, there is no ground
             for granting a new trial.

                                              New trial denied.