ELISHA PERKINS *versus* THE EASTERN RAILROAD CO. AND
THE BOSTON AND MAINE RAILROAD CO.

A railroad company is not bound to maintain fences on the lines of their
road, except when the same passes through enclosed or improved land.

If an injury to another's cattle happen, (through want of such fences,) upon
common and unenclosed land, it is not legally imputable to the negligence
of the company.

Cattle are not to be presumed as lawfully going at large. There must be
proof that the town gave permission.

CASE for killing plaintiff's cow, by negligence of the de-
fendants in not maintaining fences on the line of their railroad.

The declaration alleges that the defendants had the exclu-
sive use and management of the Portsmouth, Saco and Port-
land railroad, with its cars and engines; that they were bound
to maintain fences or other safeguards, to prevent cattle from
passing upon said railroad; that the defendants had neglected
to maintain such fences or safeguards at a certain spot in Bid-
deford; that the plaintiff's cow, through that neglect, passed
upon the railroad and was killed by a collision with the defend-
ants' engine.

It appeared in evidence, that there was (near the depot in
Biddeford,) an open, unfenced street, called Chestnut street,
leading from the main highway, by which cattle from the ad-
joining lands, (which are common and uninclosed,) may pass
into the railroad; that, for a few rods on each side of the
junction of Chestnut street with the railroad, and adjoining
said common and unimproved land, the fence on the southerly
line of the railroad, had recently been removed by the defend-
ants, and that the plaintiff's cow was killed by collision with
the defendant's engine, not far from said junction.

The trial was had in the District Court, GOODENOW, J., who
ordered a nonsuit, and the plaintiff excepted.

Statute of 1842, ch. 9, § 6, provides that " every railroad
corporation shall erect and maintain substantial, legal and suffi-
cient fences on each side of the land taken by them for their
railroad, where the same passes through enclosed or improved
lands."

*Luques,* for plaintiff.

1. The defendants' negligence and carelessness caused the injury. It was their duty to maintain the fences. Their road was formerly fenced, and they had recently removed the fence. They knew that cattle were on the adjoining land. The omission to keep up a fence on the line of their road was a heedless disregard to the rights of others. Their intention is of no consequence. If one injures his neighbor, the natural and legal inference is, that he intended it. Let the defendants show some justification. *Johnson* v. *Patterson,* 14 Conn. 1.

2. The plaintiff is not chargeable with want of care. It does not appear that he knew there was a want of fences on the railroad lines. The legal presumption is, that the cow was rightfully on the adjoining lands. 1 Greenl. Ev. 39. But it is not incumbent on plaintiff to prove himself entirely without fault. Even a trespasser is not out of the protection of law. Good faith must still be preserved toward him. No more force shall be used toward a trespasser, than is necessary to accomplish the object. *Bennett* v. *Appleton,* 25 Wend. 371 ; 15 C. L. R. 91 ; Maule & Selwyn, 198; *Illidge* v. *Goodwin,* 24 C. L. R. 272 ; *Lynch* v. *Nurdin,* 41 C. L. R. 422 ; Stephen's Nisi Prius, vol. 2, 1013; *Cook* v. *C. T. Com.* 1 Denio, 91. In this last case, the Court say, " that if the plaintiff's negligence concurs with that of the defendant in producing the injury, the law will not aid him in obtaining redress. This principle, however, admits of qualifications and exceptions." Our case is within the exceptions.

HOWARD, J. — It appears by the evidence stated in the exceptions, that the defendants had the entire and exclusive use and management of the Portland, Saco and Portsmouth railroad, with all its structures, cars and engines, by their servants and agents, when the alleged injury occurred. They were liable therefore, in this form of action, for all damages sustained by any person, in consequence of the neglect of their agents or the mismanagement of their engines. R. S. c. 81, § 21 ; *Yarborough & al.* v. *The Bank of England,*

16 East, 6; *Mathews* v. *West Lond. W. W. Co.*, 3 Camp. 403; *Gibson* v. *Inglis*, 4 Camp. 72; *Smith* v. *B. & S. Gas Light Co.*, 1 Adolph. & Ellis, 526; *Riddle* v. *The Prop. of Locks, &c., on Merrimack River*, 7 Mass. 186; *Foster & al.* v. *The Essex Bank*, 17 Mass. 502, 503; *Lowell* v. *Boston & Lowell Railroad*, 23 Pick. 24; *Harlow* v. *Humiston*, 6 Cowen, 189; *Beach* v. *Fulton Bank*, 7 Cowen, 485; *Hawkins* v. *The Dutchess & Orange Steamboat Co.*, 2 Wend. 452; *Dater* v. *Troy Turnpike & Railroad Co.*, 2 Hill, 629; *The Rector of the Church of Ascension* v. *Buckhart*, 3 Hill, 193; *Bailey & als.* v. *The Mayor of New York*, 3 Hill, 351; 2 Kent's Comm. 284.

It was proved that the plaintiff's cow was killed upon this railroad, by the engine of the defendants, about one hundred rods westerly of the depot in Biddeford; that there was not any fence on the southern side of said railroad, for about ten rods easterly and three rods westerly of the depot; that Chestnut street, leading from the depot, southerly to Maine street, was the only road leading from the depot to Maine street; that there was not any fence across, or on either side of Chestnut street; and that the lands on either side of this street, were " common and uninclosed, or vacant," to the extent at least, of the deficiency of the fence upon the railroad.

To sustain his action, the plaintiff must prove negligence, wilful or otherwise, on the part of the defendants, and ordinary care on his own part; or if he did not exercise ordinary care, that this did not contribute to the alleged injury.

The only evidence of negligence or misconduct by the defendants, was the deficiency of the fence, before mentioned. Every railroad corporation is required by law to erect and maintain sufficient fences, on each side of the land taken by them for a railroad, where the same passes through enclosed or improved lands. Stat. 1842, c. 9, § 6. In this case the lands adjoining the railroad, where there was no fence, being common or vacant and uninclosed, and there being no evidence that they were improved, under existing laws, the defendants were not bound to fence against them; and omitting to erect and main-

tain a fence on that portion of their road, cannot be imputed as negligence.

But if required to fence the entire track, the defendants would not be responsible for killing the plaintiff's cow, if she were wrongfully upon the adjoining close. The animal was not lawfully at large unless under permission from the town. R. S. c. 30, § 3, 5, 6. There was no evidence that the town gave any such permission, and none could be inferred, as an exemption from the operation of the general law. The burden was on the plaintiff to prove the permit, or establish the exemption ; and, as he failed to do either, he cannot recover for the loss which his own want of ordinary care and prudence has contributed to produce. *Little* v. *Lothrop,* 5 Greenl. 359 ; *Kennard* v. *Burton,* 25 Maine, 49 ; *Rust* v. *Low,* 6 Mass. 90 ; *Lane* v. *Crombie & al.* 12 Pick. 177 ; *Howland* v. *Vincent,* 10 Metc. 371 ; *Hartfield* v. *Roper & al.,* 21 Wend. 615 ; *Bush* v. *Brainard,* 1 Cowen, 78 ; *Brownell* v. *Flaglee,* 5 Hill, 282 ; *Rathburn & al.* v. *Payne & als.* 19 Wend. 399 ; *Chaplin* v. *Hawes,* 3 C. & P. 554 ; *Pluckwell* v. *Wilson,* 5 *ib.* 375 ; *Williams* v. *Holland,* 6 *ib.* 23.

Admitting all the testimony offered by the plaintiff to be true, with all admissible inferences, he failed to make out his case in law and fact ; and there being no other testimony offered at the trial, a nonsuit was properly ordered by the District Judge.                    *Exceptions overruled.*

NOTE. — WELLS, J. being a proprietor in the railroad took no part in this decision.