ROBERT DICKEY AND WIFE *versus* MAINE TELEGRAPH CO.

An accident having occurred by contact with a telegraphic wire across a highway, the plaintiff must not only prove that the injury was occasioned by the fault of the defendant, but that there was no neglect or want of ordinary care contributing to the injury on his part.

This is an action on the case to recover damages sustained by the female plaintiff, by reason of an obstruction placed in

the highway by the defendants, and comes before the full court upon exceptions and motion to set aside the verdict, which was for the plaintiffs.

The evidence is reported by APPLETON, J. The exceptions to the rulings of the judge who tried the cause, are not considered by the full court, the case being decided upon the motion.

*N. Abbott*, counsel for the plaintiffs.

*A. W. Paine*, counsel for the defendants, upon the motion for a new trial, argued, that,

The facts detailed by the driver, and which are undisputed, afford an abundant defence to plaintiff's right to recover, and entitle defendant to a new trial. The testimony referred to shows that the driver,

1. Knew before he approached the obstruction that the obstruction existed, and that it was a dangerous one.

2. That he heedlessly rushed upon it.

3. That after having encountered it, he *rashly* and *maliciously* continued to press his stage upon it, and thus caused the accident complained of.

That these propositions are true, follows most conclusively from the facts detailed, viz. :

That he knew for several days before that the wire did so hang down as to catch his stage; that he was accustomed during that time, at every passing, to lift the wire to let him pass; that he had sent word up to the operator six or seven times, to fix the wire; that on this occasion he comes in contact with the wire, lifts it up, and sees it fall back before the stage, lets it remain; sees the ineffectual efforts of a passenger lady to clear the stage from it, but does not assist, but lets it still remain in front of the stage; that he gets off the stage and delivers the mail, awaits its being overhauled, and helps in other passengers; that he then remounts the box and awaits the delivery of the mail bag from the post office; that he permits the bag to be thrown on the box, while the wire is still in contact with the stage, though he knows the

horses take that as a sign for starting as well as they would a blow from the whip.

These facts show a most conclusive case of heedlessness and carelessness entirely incompatible with the right of plaintiff to recover.

But we go further and allege a *willfulness* on the part of the driver, and a *maliciousness* which was the cause of the accident.

This is plainly shown by the facts already cited, and is made conclusive by the threat which he admits he made to the operator the evening before, *that unless the wire was fixed he would break it.*

The operator not coming according to direction, the next morning being the time of the accident, he proceeded to carry his threat into execution. This was the whole cause of the catastrophe. Why otherwise did he permit the wire to remain as it did?

These facts are infinitely stronger and more impressive than those in Raymond v. Lowell, 6 Cush., 535–6, where the court were impelled to grant a new trial on a similar motion.

Here then is no contradiction about the facts, and a plain question of what is due care is presented. That, under such circumstances, we say is a case where the court are justified and authorized to order a nonsuit, or to instruct a verdict for defendant.

Hence we say not only the *motion* but the *exception* also lies.

In the matter of this motion the following principles of law are relied upon.

1. If the party *contributed* to produce the accident, he cannot recover, and the burden of proving that he did not is on the plaintiff. Kennard v. Burton, 25 Maine R., 39, 49; Morse v. Abbot, 32 Maine R., 46; Farrar v. Green, 32 Maine R., 574; Raymond v. Lowell, 6 Cush., 535–6.

2. If the accident was the combined effect of an accident and obstruction, and the damage could not have been suffered but for the defect, yet the defendant is not liable, if

the accident be one against which common prudence and sagacity could have foreseen and provided. Palmer v. Andover, 2 Cush., 608–9.

3. "If the parties own negligence or rashness or want of ordinary care *concurred* in producing the injury, he cannot recover." Raymond v. Lowell, 6 Cush., 535.

5. The degree of care which a driver is bound to exercise in all cases must be in proportion to the risk or danger which he knows is in his way, or which he is about to encounter. Jacobs v. Bangor, 16 Maine R., 187.

6. And he is bound to exercise that degree of watchfulness and *caution* which prudent men are accustomed to exercise under the circumstances. Jacobs v. Bangor, 16 Maine R., 187.

7. So long as there is *any doubt* whether the fault was exclusively the towns or not, the plaintiff cannot recover. Libby v. Greenbush, 20 Maine R., 47.

No subject is less correctly understood by the community generally, than this of the care required of a driver in meeting obstructions in a highway, and especially on the part of drivers of the United States mail. "The mail must go," *maugre* all obstructions, is the common doctrine, and whatever impediments may be presented, the driver has a right to ride over them, at the expense of the town. That is the idea so generally prevalent, and that doctrine was the basis of the verdict against which we complain. This sentiment it is the duty of the court to correct, and that it may be so by a lesson promulgated on this occasion, is respectfully urged by the defendant company.

HATHAWAY, J. In May, A. D. 1854, a stage-coach, in which the female plaintiff was traveling, on a highway in Northport, in the county of Waldo, came in contact with a telegraph wire extending across the way, and was overset, and she was injured thereby.

The wire was owned and placed there by the defendant company, and "became slack, and drooped so low" that the carriage could not pass under it.

The plaintiffs brought this action to recover pay for the damages sustained.

The case is presented on the defendant's motion for a new trial, on the ground that the verdict against them, was against the evidence, and also upon exceptions.

It was not sufficient for the plaintiffs to prove that the defendants were in fault. To entitle themselves to a verdict, the plaintiffs were bound to show that there was no neglect, or want of ordinary care, contributing to the injury, on the part of the female plaintiff. She was required to exercise due and proper care to protect herself from injury. If her own negligence, or rashness, or want of ordinary care, concurred in producing the injury of which they complain, the plaintiffs ought not to have recovered damages for it, against the defendant company.

The burden of proof was on the plaintiffs to show, affirmatively, the exercise of such due and proper care and vigilance, on her part; and the defendant company allege that the verdict was against the evidence on this point. If the driver was guilty of neglect or want of ordinary care, the plaintiffs would be equally affected thereby, as if the female plaintiff were the driver. To prove the manner in which the accident, causing the injury, happened, the plaintiffs introduced as a witness, the driver of the carriage, David Harding, and the deposition of Henry Brown. The testimony of Harding, *as reported* in the case, not only fails to show that he used ordinary care and prudence, as a driver, at the time of the accident, but it contains plenary evidence of gross negligence and carelessness, or rashness, on his part, which manifestly contributed to the accident and the injury; and the deposition of Brown in no manner relieves the case from the effect of Harding's testimony. We think the verdict is very plainly against the evidence. It is not necessary to consider the exceptions.

*Motion sustained.*
*Verdict set aside, and new trial granted.*