RUTH A. BENSON, executrix of WILLIAM H. BENSON, deceased, testate, *vs.* FRANK W. TITCOMB.

Aroostook.    Opinion January 6, 1881.

*Negligence.    Burden of Proof.    Practice.*

The burden is on the plaintiff, in an action on the case for an injury arising from the negligence or want of care of the defendant, to show that he was in the exercise of ordinary care, or that the injury was in no degree attributable to want of proper care on his part.

When a party is surprised by new and unexpected evidence, he should at once move for delay, and not await the chances of a verdict.

ON MOTION to set aside the verdict.

TRESPASS on the case.

The facts sufficiently appear in the opinion.

*J. Burnham,* for the plaintiff, cited : 55 Maine, 438 ; 57 Maine, 117 ; 58 Maine, 384.

*William M. Robinson,* and *J. B. Hutchinson,* for the defendants, cited : *Call* v. *Allen,* 1 Allen, 142 ; *Cole* v. *Sprowl,* 35 Maine, 168 ; *Sutherland* v. *Jackson,* 32 Maine, 84 ; *Saltonstall* v. *Banker,* 8 Gray, 196 ; *Dickey* v. *Maine Tel. Co.* 43 Maine, 496 ; *Kennard* v. *Burton,* 25 Maine, 39 ; *Moore* v. *Abbot,* 32 Maine, 46 ; *Farrar* v. *Greene,* 32 Maine, 574 ; *Raymond* v. *Lowell,* 6 Cush. 535 ; *Libbey* v. *Greenbush,* 20 Maine, 47 ; *Lake* v. *Milliken,* 62 Maine, 243 ; *Enfield* v. *Buswell,* 62 Maine, 128 ; *Jennings* v. *Wayne,* 63 Maine, 468 ; *Blake* v. *Madigan,* 65 Maine, 522 ; *Maynell* v. *Sullivan,* 67 Maine, 314.

APPLETON, C. J.    This is an action on the case in which the plaintiff seeks to recover damages for an injury to the testator, her husband.    The ground of her claim is, that on September 28, 1877, as her husband was passing by the defendant's steam mill, his horse being frightened by the steam and noise proceeding from defendant's unlicensed steam engine, started, and threw the testator from the wagon, and injured him so severely that he died in the course of a few days.

The defence was, that the deceased was sitting on the end of an empty barrel in his wagon, without any support to his feet, with four or five other empty barrels in the wagon not well secured, that the barrel on which he was sitting, tipped before he reached the mill, and that when he came near and opposite the mill, his horse shied at a mud puddle in the road, and that having no rest for his feet when he endeavored to pull up his horse, the barrel tipped and he drew himself off. In other words, while denying all agency of the steam engine in producing the unfortunate result, he says that if there was any cause for the starting of the horse, other than the puddle by the road side, it was the rattling of the barrels, and the injury was the result of the starting of the horse, and the insecure and dangerous seat of the deceased, and his effort to save himself.

The steam engine situated, as it was, near the road, may have been a nuisance, but that affords no excuse for carelessness or negligence on the part of the plaintiff's husband. If the rattling of the barrels, and the carelessness of the driver were efficient and contributory causes to the disaster, there cannot be a recovery. If the deceased so far contributed to the misfortune by his own negligence or want of care and caution, that, but for such negligence or want of ordinary care and caution on his part, the misfortune would not have happened, the plaintiff cannot recover. *Dickey* v. *Maine Telegraph Co.* 43 Maine, 496. The plaintiff must show that he was in the exercise of due care, or that the injury was in no degree attributable to any want of common care on his part. *Murphy* v. *Deane*, 101 Mass. 455. The jury must have found by their verdict, that the injury was attributable to the want of care of the deceased, or to causes for which the defendant was in no way responsible.

The motion to set aside the verdict as against evidence, cannot be sustained. The instructions, as no exceptions have been filed, must be assumed to have been correct. The plaintiff claimed that the injury resulted from only one cause, the unlicensed engine. The defendant denied its agency in producing the injury, and set up the negligence of the deceased, and other causes, as causing the result. The able counsel for the plaintiff had the

close—no slight advantage. The plaintiff had the prepossessions of the jury in favor of her sex, and their sympathy for her misfortune. The evidence was conflicting. The jury were the judges of its force and effect. The case has been twice tried. The first time without a verdict. The jury, under favorable conditions for the plaintiff, have found a verdict against her, and no sufficient reasons are perceived for disturbing it.

Another ground for a new trial, is, that she was surprised at the testimony of Merchant Philbrick, a witness first called at the last trial, and that she had since discovered new evidence tending to impeach it, the discovery being made on the Monday after the verdict rendered on Saturday before.

If the testimony of Philbrick was a surprise when delivered on the stand, the motion for delay should then have been made. It was not for the plaintiff to take the chance of a verdict in her favor, and if against her, to move for a new trial on the ground of such surprise. *Maynell* v. *Sullivan*, 67 Maine, 315 ; *Woodis* v. *Jordan*, 62 Maine, 490. The newly discovered evidence, consists only of the statement, that they did not hear what the witness Philbrick testifies he heard as coming from the lips of the deceased. One might have attended and heard what another not noticing, did not hear, or hearing, did not remember.

*Motion overruled.*

WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.