ALMEDA J. WADSWORTH *vs.* FRED P. MARSHALL.

| 88  263
|193  67|

Knox.    Opinion January 10, 1896.

*Quarry.  Blasting.  Notice.  Negligence.  R. S., c. 17, §§ 23, 24.*

Under R. S., c. 17, §§ 23 and 24, it is the duty of persons engaged in blasting lime or other rocks before each explosion to give seasonable notice thereof, for the protection of persons within the limits of danger. Failure to give such notice is negligence per se, and renders the party liable for injuries resulting therefrom, whether caused by flying debris, or the frightening of horses by the noise of the explosion.

The established doctrine of contributory negligence, as a defense, applies to this class of actions; and the defendant may show in an action on this statute which is remedial, that the unsafe character of the horse driven by the plaintiff, or his negligence in other respects, contributed to the injury. If he does this, plaintiff cannot recover, notwithstanding the negligence of defendant.

ON EXCEPTIONS.

This was an action under R. S., c. 17, §§ 23 and 24, to recover for personal injuries to the plaintiff, alleged to have been caused by an explosion from a blast fired by the defendant without giving seasonable notice thereof, while engaged in blasting lime-rock.

The plea was the general issue.

The testimony showed that on the 19th day of June, 1894, the plaintiff was riding northwardly, in a wagon drawn by one horse at a walk, along a public highway known as Union street leading from Rockport village to Camden village; and that at a point in said Union street, near its junction with Limerock street, the horse became frightened and unmanageable and jumped suddenly and violently, whereby she was thrown from the wagon to the ground and received thereby severe personal injuries.

The plaintiff claimed, and introduced testimony tending to prove, that the cause of the horse's fright was an explosion from a blast of lime-rock fired by the defendant in the limestone quarry of the S. E. & H. L. Shepherd Company; and that the defendant gave no seasonable notice of such blast as is required

by section twenty-three of said chapter seventeen, or any notice whatever, to persons traveling in said Union street.

It was admitted that the defendant, at the time said accident occurred, was employed by said company in blasting and quarrying limestone in its limestone quarry, and that said company was the owner of said quarry.

The testimony showed that the quarry in which the blast is alleged to have been fired is adjacent to said Union street; that the quarry of Carleton, Norwood & Co., adjoins said quarry of the S. E. & H. L. Shepherd company on the north and is also adjacent to said street; that the horse at the time he took fright was four hundred and sixty-five feet distant from the point of the alleged blast; that the point of the alleged blast was seventy-seven feet below the level of the surface of the street, and was two hundred and ninety feet distant from the line of the street; that at the time when the horse took fright and the blast was alleged to have been fired, the plaintiff had reached a point at the junction of Limerock and Union streets and two hundred and forty-seven feet northerly from a point in the street directly opposite the place of the alleged blast.

The plaintiff did not claim to have been struck or injured by any fragment or other missile thrown by such blast, but claimed that her injuries were caused solely by the horse becoming frightened by the explosion.

The defendant denied that any blast was fired by him, at or near the time, when the accident occurred to the plaintiff and introduced testimony upon that point.

The defendant's counsel requested the presiding justice to instruct the jury that if the plaintiff's injuries were caused by the horse becoming frightened by the explosion from a blast fired by the defendant without having given seasonable notice thereof, while engaged in blasting limestone, this action is not maintainable.

The presiding justice, in order to give progress to the case, refused to so instruct the jury; and instructed the jury that if the plaintiff's injuries were so caused she was entitled to recover therefor in this action.

The defendant's counsel further requested the presiding justice to instruct the jury that, if at the time when such blast was fired, the plaintiff had passed the place of such blast and was not approaching thereto, the action is not maintainable; which instruction, the presiding justice, for the same reason, refused to give.

The horse with which the plaintiff was riding belonged to her husband, and at the time of the explosion was being driven by her grandson, a young man eighteen years of age.

The defendant offered testimony tending to prove that said horse was vicious, not properly broken, and unsafe for the purpose for which it was then being used.

Such testimony, upon objection by plaintiff's counsel, was excluded by the presiding justice.

The verdict was for the plaintiff; and the defendant alleged exceptions.

*Reuel Robinson, C. E. & A. S. Littlefield*, for plaintiff.

*W. H. Fogler*, for defendant.

As the plaintiff does not allege or claim that her injuries were produced by any fragment of stone or other missile thrown by the explosion, the defendant contends that the action is not maintainable under the statute. If the legislature had intended to protect persons from the sound of blasts and explosions, it would have used language which would have been applicable to blasts and explosions produced by any means and for any purpose. But the statute is confined to persons engaged in blasting "lime-stone or other stone." It does not apply even to persons engaged in blasting other substances such as logs, or frozen earth. The great danger from blasting stone is from fragments of stone thrown by the blast, and by confining the effect of the statute to blasting stones, it is apparent that it was the intention of the legislature to protect persons from such danger.

The statute requires persons engaged in blasting stone to give seasonable notice so that persons may retire to a safe distance. This is a reasonable provision if it means such notice as will

give persons an opportunity to retire beyond the range of fly-
ing fragments.    Such distance can be calculated with consider-
able accuracy.    But to require such notice as will enable a
person to retire to such distance that his horse will not become
frightened by the explosion is unreasonable, because it is
indeterminate, indefinite.    One horse may not be frightened by
a blast at a distance of a few rods, another may be frightened
by the same blast at a great distance.    The plaintiff's horse,
she alleges, became frightened and unmanageable at a distance
of four hundred and sixty-five feet, or nearly thirty rods, from
the place of the alleged blast.    If the horse became frightened
at the blast, at what distance would he not have been fright-
ened?    What would be a safe distance, in case of a blast, for
another horse to be?    If the statute has the construction con-
tended for by the plaintiffs, it would be necessary before every
blast to send messengers in every direction a distance at which
the most nervous and most easily-frightened horse would not
take fright from the explosion.    It was not the intention of the
legislature to impose such a burden upon persons engaged in a
legitimate business.

If the statute was intended to cover injuries caused by the
mere noise or sound or jar of an explosion, why should it not
have included all blasts and explosions, and not blasts fired by
persons employed in quarrying stone?    An explosion from the
firing of a gun, or cannon, is not included in the statute, but
the remedy for any injury produced by such explosion is left
to that at common law.

Under this statute an action will lie only for such damages as
are the direct cause of the injury and not for injuries produced
by the fright of a horse from the sound of an explosion.

2.  At the time when the plaintiff was injured she had passed the
point of the alleged blast.    From a point in the street opposite
the place of the alleged blast to the place of the accident was
247 feet.    At the time, therefore, that her horse took fright,
she was retiring from the place of the blast and not "approach-
ing" it.    The statute requires notice such that "all persons or'

teams approaching shall have time to retire to a safe distance from the place of said explosion."

If a statute be both penal and remedial, it should be construed strictly. *Abbott* v. *Wood*, 22 Maine, 541.

The word "approaching," used in the statute must be given some meaning. There is no ambiguity in the word. It has but one definition, "drawing nearer," "advancing towards." As the plaintiff was not drawing nearer, or advancing towards the place of the blast, at the time of the explosion she does not come within the terms of the statute.

If it is urged that such a construction of the statute would be open to the charge of absurdity, the answer is that the court is called upon to construe, and not to enact a statute. The language of the statute must be taken in its ordinary acceptance.

3. It has long been a settled rule of the common law, that, for injuries negligently inflicted upon one person by another, there can be no recovery of damages if the injured person by his own negligence, or by the negligence of another imputable to him, proximately contributed to the injury. 4 Am. & Eng. Encl. of Law, 15; *Whitney* v. *M. C. R. R. Co.* 69 Maine, 208; *Woodman* v. *Pitman*, 79 Maine, 456; *Parker* v. *Pub. Co.* 69 Maine, 173. And this rule applies as much to causes of action given by statute as to causes of action arising at common law. 1 Shear. & Redf. Neg. § 62; Beach on Contrib. Neg. § 16; *Taylor* v. *Carew Mfg. Co.* 143 Mass. 470 and cases cited; *Hussey* v. *King*, 83 Maine, 572.

4. The statute which imposed upon the defendant the duty of giving notice, is of the same nature as that which makes it the duty of towns to keep their ways safe and convenient for travel. For neglect of such duties, the parties in fault are liable to persons suffering injury for such neglect. *Moulton* v. *Sanford*, 51 Maine, 127; *Perkins* v. *Fayette*, 68 Maine, 152; *Knowlton* v. *Augusta*, 84 Maine, 572.

The remedy in both classes of cases is statutory. Both are based upon the neglect of the defendants to perform a duty positively imposed by statutes. The statutes in both cases are penal in their nature. The court has given the statute relating to ways a strict construction. *Perkins* v. *Fayette*, supra.

The statute now under discussion, being expressly penal, is to be, at least, as strictly construed. In all actions for damages based upon the alleged negligence of the defendant the question is whether the defendant's neglect is the sole, efficient cause of the plaintiff's injury, or was there some other new and independent cause intervening between the neglect and the injury. See 1 Shearman & Redfield, Sec. 25, et seq. ; 19 Am. & Eng. Encl. of Law, 300 et seq. ; 16 Id. 428 et seq. ; *M. & St. P. Ry.* v. *Kellogg,* 94 U. S. 469.

SITTING : WALTON, FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

STROUT, J. The exceptions in this case, require a construction of chap. 17, § 23, of the Revised Statutes, which provides that : "Persons engaged in blasting lime-rock or other rocks, shall before each explosion give seasonable notice thereof, so that all persons or teams approaching shall have time to retire to a safe distance from the place of said explosion ; and no such explosion shall be made after sunset."

Section 24 provides a penalty against any one violating the provision, and makes such person " liable for all damages caused by any explosion."

Statutes are to receive the construction intended by the legislature. "To ascertain this we may look to the object in view ; to the remedy intended to be afforded ; and to the mischief intended to be remedied." *Winslow* v. *Kimball,* 25 Maine, 495. "The duty of the court, being satisfied of the intention of the legislature clearly expressed in a constitutional enactment, is to give effect to that intention and not to defeat it by adhering too rigidly to the mere letter of the statute, or to technical rules of construction." *Oates* v. *National Bank,* 100 U. S. 244. "And we should discard any construction that would lead to absurd consequences." *Gray* v. *Co. Com.* 83 Maine, 435. "The meaning of the Legislature may be extended beyond the precise words used in the law from the reason or motive upon which the Legislature proceeded, from the end in view or

the purpose which was designed."    *U. S.* v. *Freeman*, 3 How. 565. So in *Murray* v. *Baker*, 3 Wheat. 541, the words "beyond seas" in a state statute of limitations were held to mean "out of the state."

To apply these principles : When the law was enacted, it was well known that extensive quarrying of lime and other rocks, in close proximity to much traveled highways, was done ; and that persons traveling on such highways were thereby greatly endangered, not only from flying rocks, but from the frightening of horses by the noise of the explosion. The intention of the Legislature in passing the act, was to ensure safety from these dangers. Hence notice of the "explosion" was required to be given to travelers in time for them to "retire to a safe distance." It is argued that the mischief intended to be remedied was that of flying rocks or other debris, and that the frightening of horses by the noise of the explosion is not covered by the statute. We cannot concur in this view. The safety of the traveler was intended to be secured. Many of the quarries are so far below the surface of the ground, that there is little danger of flying rocks reaching the highway. The traveler's danger from missiles is much less than that from the frightening of horses from the noise of the explosion. Both these dangers were present in the minds of the Legislature when a remedy was proposed, and they evidently intended by this statute to guard against both. One of Webster's definitions of the word explosion, is "a bursting with violence and loud noise, because of internal pressure." The remedy given by § 24, is for "all damages caused by any explosion." Whether the damage is caused by the noise of the explosion, or by flying substances, is immaterial. Whatever damage may be caused by the explosion, whether by noise and its effect on horses, or otherwise, is within the statute protection, and the basis of liability.

It is claimed that the statute protection applies only to those "approaching" the point of explosion, and does not include those who have passed the point nearest the blast, and are receding from it, though they may be in near proximity and not "a safe distance from the place." Such construction leads

to absurd results, and cannot be accepted as the meaning of the Legislature. The word "approaching", in the statute, when considered with reference to the danger guarded against, and the, remedy provided, must be regarded as equivalent to, in proximity to the place of explosion, within the limits of danger.

The requested instructions were rightfully refused.

Exceptions are taken to the exclusion of testimony offered by the defendant to prove, that the horse with which plaintiff was riding at the time of the injury, was vicious, not properly broken, and unsafe for the purpose for which it was then being used.

While the statute affixes a penalty to its violation, and is so far penal in character, the damages to be recovered by an injured party are only the actual damages suffered, and in this, the provision is remedial, and to be construed as such.

The statute requires seasonable notice of an explosion. Failure to give it is negligence, which subjects the delinquent to the payment of damages caused by his negligence. But it does not follow that the injured party is thereby relieved of all obligation to exercise due care on his part. It is possible that the explosion, of which no notice was given, may have frightened plaintiff's horse, and the vicious character or untrained habit, or negligent driving of the horse after the fright, which might have been slight, contributed to the injury, or might have been the proximate cause. The instruction proceeded upon the ground, that if no notice of the explosion, such as the statute required, was given, the defendant would be liable, regardless of the character of the horse, or any other negligence of the plaintiff. In *Hussey* v. *King*, 83 Maine, 571, which was an action under R. S., c. 30, § 1, to recover for injuries caused by the bite of a dog, it was held that the owner or keeper of a dog was prima facie, absolutely liable for injury inflicted by the animal; and that the plaintiff need not allege or prove, in the first instance, either his own care or the defendant's negligence. But the court carefully reserved, as undecided, the question whether the acts of the injured person provocative of the dog could be successfully shown in defense.

Under the statute subjecting towns to liability for injuries caused by defective highways, it has uniformly been held in this State that the plaintiff cannot recover unless he was in the exercise of due care, and that this must be shown affirmatively by the plaintiff. In *Taylor* v. *Carew Manf. Co.* 143 Mass. 470, which was a case under a statute making corporations owning factories liable for damages to an employee, if the openings of elevators were not protected in a manner specified, the court held that " where a statute does not otherwise provide, the rule requiring the plaintiff in an action for negligence, to show that at the time of the injury complained of he was in the exercise of due care, is the same, whether the action is brought under a statute or at common law. The doctrine of contributory negligence governs both classes of actions." And this court said in *Hussey* v. *King*, supra, p. 572, the " rule applies not only to actions given by the common law, but also to those given solely by statute, where the gist of the action is the default, omission or carelessness of the defendant." Whether the same rule should apply to the class of actions to which the present suit belongs, need not be decided, as the defendant did not raise the question, but proceeded upon the ground, that when the plaintiff had shown the absence of sufficient notice of the explosion, and an injury resulting, she had made a prima facie case ; and that the burden then rested upon the defense to show plaintiff's contributory negligence.

That the action in this case is based upon the omission and neglect of the defendant does not admit of doubt. If he had given the notice as required, and had not been guilty of any other fault, no liability would have arisen, even if plaintiff had suffered an injury. What would be a " safe distance " does not necessarily or probably mean absolutely beyond all sound of the explosion. The plaintiff might have driven to a point so far removed as to properly be considered a safe distance, and yet an unbroken or vicious horse might have been frightened by the noise of a distant explosion, which would not have had that effect upon a horse suitable to drive. In such case, the fault of the horse would contribute to the injury, if indeed it might not

be regarded as the proximate cause.   It would be a harsh construction of the statute, to hold that the negligence of the quarryman in not giving notice, subjected him to liability for damages, largely, if not wholly, resulting from the negligence of the traveler in riding with an unsuitable horse.   An animal suitable to drive, might, notwithstanding a fright, be immediately controlled, and no injury occur; while an untamed or vicious horse might not be amenable to control, and hence an injury. Both law and sound reason concur in the proposition, that a negligent party is liable for injuries caused by his own negligence to a person who is not guilty of negligence which contributes to the injury, and. not otherwise.   The statute, affording this remedy to an injured party, is little more than a reiteration of the common law.   The only difference being, that the failure to give notice of an explosion is made negligence per se, and is not excused by any amount of care in other respects.

This action, under the statute, is remedial.   Defendant is liable for the consequences of his negligence, if no negligence of the plaintiff contributed to the injury.   If it did, plaintiff cannot recover.   The established doctrine of contributory negligence, as a defense, applies to this class of actions.

The evidence in the case is not reported, and we cannot know whether the offered proof as to the character of the horse, in connection with the other evidence in the case, would have shown contributory negligence of the plaintiff.   But it was an element in that proposition, and should have been admitted.

*Exceptions sustained.*