AUSTIN G. BROWN *vs.* F. A. ALTER.

Norfolk.    October 21, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Negligence*, Plaintiff's due care, Motor vehicle, In use of way.  *Motor Vehicle*, Operation, Registration.  *Nuisance.*

While in many, and perhaps in most, aspects of the law of nuisance the element of due care of a plaintiff has no relevancy to his right to recover compensation for injuries caused by a nuisance or to invoke the aid of equity for abatement of the source of his harm, a traveller on a highway in a motor vehicle, who was not in the exercise of due care, cannot recover, in an action of tort for damages suffered in a collision of his motor vehicle with a motor vehicle of the defendant, unregistered and being driven by the defendant on a public highway without a license to operate, unless he shows that his own want of care did not directly contribute to the damages he suffered.

TORT for damages to an automobile of the plaintiff suffered in a collision with an automobile owned and operated by the defendant.   Writ dated September 14, 1920.

In the Superior Court, the action was tried before *Keating*, J.   Material evidence and rulings by the trial judge are described in the opinion.   The jury, in answer to a special question, found that want of due care on the part of the plaintiff contributed directly to the damages to his car. The judge thereupon ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*J. A. Canavan & S. P. Sears*, for the plaintiff.

*D. R. Coughlan & W. J. Coughlan*, for the defendant.

RUGG, C.J.   This is an action of tort to recover damages sustained by the plaintiff through the collision at intersecting streets of an automobile owned and driven by him with another automobile owned and driven by the defendant. The automobile of the defendant was not registered and he had no license as an operator.   The jury were instructed that the defendant at the time of the collision was an outlaw

and trespasser on the highway, and that his automobile was a nuisance, and that they need not consider whether the plaintiff was guilty of gross negligence or of wilful misconduct. In answer to a special question, the jury found that want of due care on the part of the plaintiff contributed directly to his damage. Thereupon a verdict was directed for the defendant. The correctness of this ruling is reported for our determination.

The automobile of the defendant must be assumed to have been a nuisance on the highway, since it was not registered in conformity to our statutes. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443. *Dean* v. *Boston Elevated Railway*, 217 Mass. 495. *Gondek* v. *Cudahy Packing Co.* 233 Mass. 105, 110. *Washburn* v. *Union Freight Railway*, 247 Mass. 414. That fact has important effects upon the rights of the defendant to recover for injuries done him by others. The plaintiff as a traveller on the highway cannot recover of the defendant for damage caused by a nuisance maintained on the highway without showing that his own want of care did not directly contribute to that damage. This is the rule of our own cases. The question was clearly decided in *Smith* v. *Smith*, 2 Pick. 621. It has been followed in *Parker* v. *Adams*, 12 Met. 415, and *Sherman* v. *Fall River Iron Works Co.* 2 Allen, 524, 526. Doubtless it has been accepted without question as a settled principle in the trial of many causes. Practical experience has established it as a custom regulating conduct. It seems to us to be supported by the great weight of authority. *Parker* v. *Union Woolen Co.* 42 Conn. 399, 402. *Mayor & City Council of Baltimore* v. *Marriott*, 9 Md. 160, 176. *Irwin* v. *Sprigg*, 6 Gill, 200, 205. *Crommelin* v. *Coxe*, 30 Ala. 318, 329. *Butterfield* v. *Forrester*, 11 East, 60. *Congreve* v. *Smith*, 18 N. Y. 79. *Clifford* v. *Dam*, 81 N. Y. 52, 57.

There is much to be said in favor of this rule as an abstract principle. The congestion upon highways has become so great that the general public safety seems to demand that there be no relaxation of the requirement of due care on the part of all travellers.

Doubtless in many and perhaps in most aspects of the law

of nuisance, the element of his due care has no relevancy to the right of a plaintiff to recover compensation for his injuries or to invoke the aid of equity for abatement of the source of his harm. See *Boston Ferrule Co.* v. *Hills,* 159 Mass. 147. The case at bar does not call for an exposition of these principles.

There was no error in the decisive rulings or refusals to rule by the trial judge.

*Judgment for defendant.*