as to what disposition shall be made of a consideration to be received from a sale of real estate.

The agreement for the sale in this case is distinct from the written agreement. The written agreement was an independent act on the part of the parties, and separate from this is the oral agreement in action as to how the consideration shall be divided and there is nothing in the statute of frauds which affects such a case. We think, therefore, the trial judge was justified in denying the defendant's rulings that he complied with the law in relation thereto when he said in effect that his finding of the facts warranted him in denying those requests for rulings made by the defendant.

Again it has been held the statute does not apply to the agreement of a mortgagee, that if the mortgagor would allow him to foreclose he would pay him the agreed value of her equity of redemption; *Love* v. *Flint,* 217 Mass. 96; *Downing* v. *Brennan,* 232 Mass. 535; nor to a trust concerning land which has been fully excavated. *Bailey* v. *Wood,* 211 Mass. 37. And again, in what is more nearly like the case at bar, where land has actually been conveyed or transferred under a verbal agreement and all that remains to be done is the payment of a pecuniary consideration, the part performance takes the contract out of the statute and payment can be enforced, notwithstanding that the contract in relation to the consideration was verbal. *Wetherbee* v. *Porter,* 99 Mass. 354, *Eastham* v. *Anderson,* 119, 526.

The finding of the court taken as a whole is not that by signing the agreement to sell to the town the plaintiff thereby "Became entitled to the sum of $112.50. It was by virtue of the oral agreement between the parties that the court decided the plaintiff entitled to the sum of $112.50.

Finding no prejudicial error, the report is dismissed.

---

Nos. 147420, 147421      Municipal      Suffolk, ss.
BARATZ                                (Rabb & Rabb)
v. COURTNEY, ADMX.                  (William Doyle)
and BARATZ v. COURTNEY

From the Municipal Court of Boston—Keniston, J.
Argued December 1, 1941—Opinion Filed December 13, 1941

---

RILEY, J. (Carr, & Tomasello, JJ.)—These are actions of tort for personal injuries and property damage occasioned by the contact of two automobiles. The declarations contain counts based on negligence and counts alleging illegal registration of the automobile registered in the name of Samuel E. Courtney and operated by Henry L. Courtney at the time of the accident, and that such automobile was a trespasser on the highway.

At the proper time the plaintiff requested the court to rule

in each case, respectively, as follows: the judge acted as indicated:—

No. 147420  (1) The defendant's motor vehicle was not registered in accordance with General Laws, Chapter 80, Section 9. (Immaterial.)

(2) The operator of the defendant's car was negligent. (Granted.)

(3) The plaintiff was in the exercise of due care. (Denied.)

No. 147421  (1) The motor vehicle which the defendant was operating was not registered in accordance with General Laws, Chapter 90, Section 9. (Immaterial.)

(2) The defendant was negligent. (Granted.)

(3) The plaintiff was in the exercise of due care. (Denied.)

Accurately speaking, none of these requests are requests for rulings of law.

The trial judge made the following finding of fact:—"I find the plaintiff's negligence contributed to the accident and, therefore, find for the defendant." Apparently in amplification of this special finding of fact the trial judge by granting request numbered 2 in each case, found as fact that both the defendant owner and the defendant driver were negligent. The report stated that Henry L. Courtney was admittedly operating the automobile with the owner's permission.

The judge's action on request numbered 3, in each case, added nothing to his special finding of fact.

Request numbered 1, in both cases, the trial judge considered immaterial, because it involved a non-essential fact. Having found the plaintiff and both defendants to have been negligent, additional evidence of negligence, to wit,—that of illegal registration, became of no consequence. *Brown* v. *Alter*, 251 Mass. 223. As there is no error, let the following entry be made—

Reports dismissed.

---

No. 151392       Municipal       Suffolk, ss.

**SUTHERLAND**            (Edna B. Austin)

**v. MacLEOD**            (Charles F. Glendon)

From the Municipal Court of Boston—Donovan, J.

Argued September 29, 1941—Opinion Filed December 15, 1941

---

PUTNAM, C.J. (Carr, & Gillen, JJ.)—This is an action of contract which was brought in March, 1941, on two promissory notes dated in 1915, and the only question raised by the report is whether the action is barred by the statute of limitations, G. L. (Ter. Ed.) c. 260, sec. 2.

First. The trial judge having expressly found that the defendant had never in writing acknowledged or promised to pay the notes after the statute had run against them, the provisions of sec. 13 have no application, and the judge having

[ 20 ]