Charles J. McGRATH, Plaintiff,

v.

Samuel GOLDBERG and S. G. Marshall Company, Inc., Defendants.

Civ. A. No. 58-1132.

United States District Court
D. Massachusetts.

Jan. 31, 1962.

Charles E. Cunningham, Boston, Mass., for plaintiff.

Andrew Meyer, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is a diversity action of tort for personal injuries and property damage. Prior to trial the parties stipulated that Count 3 and that portion of Count 5 relating to personal injuries be dismissed, leaving for determination only the claim for property damage.

I find that at approximately 8:00 p. m. on February 15, 1958, plaintiff was operating his 1957 Ford automobile in a northerly direction on Nantasket Avenue, Hull, Massachusetts, and was in collision with a 1956 Cadillac automobile operated in a southerly direction on Nantasket Avenue by one Samuel Goldberg, who was accompanied by his son Leon Goldberg. Plaintiff and both Goldbergs testified and gave conflicting versions of the course followed both by the car in which they were riding and by the other car involved in the accident. Several Hull police officers who arrived at the scene three or four minutes after the collision testified as to the position of the vehicles immediately after the accident and before they were moved. One James Berman, a filling station proprietor whose property abutted the scene of the accident, also testified.

I find on the basis of uncontradicted documentary evidence that at the time of the accident Goldberg was operating an automobile registered in the name of S. G. Marshall Co., Inc., a corporation which had been dissolved by decree of the Massachusetts Supreme Judicial Court about two years prior to the accident. Because I find, for reasons set out in the following paragraph, that plaintiff was contributorily negligent, it is unnecessary to consider whether or not the 1959 Amendment to Mass.G.L. c. 90, § 9, has any effect on the doctrine of "trespasser on the highway" which prevailed at the time of this accident. Brown v. Alter, 251 Mass. 223, 146 N.E. 691, 38 A.L.R. 1036 (1925).

I give no credence to the testimony of either the plaintiff, the defendant, or Leon Goldberg. On the basis of the testimony of James Berman and the three police officers, I find that the accident involved herein occurred on defendant's side of the center line of Nantasket Avenue; I find that the defendant was driving on his own half of the road but at an excessive speed; and I find that the plaintiff in rounding the curve in Nantasket Avenue near the scene of the collision, which was a right turn for plaintiff as he proceeded in a northerly direction, swung his vehicle too far to his left in negotiating this curve, crossed the center line so that he was partially on the defendant's side of Nantasket Avenue, also at an excessive speed, and thereby collided with defendant's vehicle.

Judgment for the defendant.