ALLISON RUNNELLS
*vs.*
MAINE CENTRAL RAILROAD

Cumberland.    Opinion, May 10, 1963.

*Jerome Daviau,* for Plaintiff.

*Pierce, Atwood, Allen and McKusick,*
  *by Jotham D. Pierce and Horace A. Hildreth, Jr.,*
                                    for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ.  MARDEN, J., did not sit.

WILLIAMSON, C. J.   On appeal.   This case arises from a collision between an automobile operated by the plaintiff

and the defendant's train at a grade crossing at which the defendant had failed to maintain a warning sign in violation of statute. R. S., c. 45, § 73. The jury found for the defendant. By stipulation the sole issue on appeal is "the correctness of law of the instructions of the presiding justice that contributory negligence of the plaintiff would be a bar to her recovery under all counts of the complaint; . . ."

There is no substantial disagreement between the parties upon the facts insofar as they bear upon the validity of the instructions to the jury. The collision occurred at the Alden Street railroad crossing in Waterville shortly after six o'clock on the evening of January 21, 1957. The plaintiff, as she approached the College Avenue crossing, observed a blinking red light warning of an oncoming train. She then intended to turn to her right on Ash Street and thence cross the railroad at the Chaplin Street crossing where to her knowledge there was a flagman. By error she turned to her right on Maple Street, not Ash Street, and thence without stopping came upon the Alden Street crossing. After passing over five tracks, her car was struck on the sixth track by defendant's locomotive as it was coming in for a scheduled stop at the Waterville Station only a short distance from the crossing. Alden Street, although it was never formally accepted as a town way, was treated as such for purposes of the case and thus the signboard statute, below, was applicable.

R. S., c. 45, insofar as we are here interested, reads:

"**Sec. 73. Signboards maintained at grade crossings; bell on engine and when rung.**—Every railroad corporation shall cause signboards with the words 'Railroad Crossing' distinctly painted on each side thereof in letters plainly legible, to be placed and constantly maintained at the side of highways and town ways where they are crossed at grade by such railroads, on posts or other struc-

tures, in such position as to be easily seen by persons passing upon such ways; . . ." (with provisions for sounding whistles and ringing bells under certain conditions).

"**Sec. 74. Neglect of § 73; damages.**—For unnecessarily neglecting to comply with any provision of the preceding section, the corporation forfeits not more than $500. Any person, whose duty it is to open or close such gates for the passage of an engine or traveler on a way, neglecting to do so forfeits not more than $50. The corporation is liable for damages for its neglect to comply with these provisions, or for the neglect of any agent or for the mismanagement of an engine, to be recovered in an action on the case by the person damaged thereby."

The presiding justice in his charge to the jury summarized the plaintiff's case as follows:

"In this case, as you will see by the plaintiff's writ and as you have heard from the attorneys in argument, there are really three theories under which the plaintiff seeks to hold the defendant liable and responsible for her injuries."

\* \* \* \* \* \* \* \* \* \*

"In the first place — Perhaps I don't have these in the correct order, but in the first place, the plaintiff says that there is a statute, a law passed by the Legislature, which required a railroad corporation to erect a signpost to warn travelers of the fact that a crossing is near at every point where a town way or highway crosses the railroad track, and this statute makes the railroad liable to a person who is injured as a result if it does not have this signpost erected. That is the first theory.

"The second theory is that the crossing without a sign or without such protection as the plaintiff argues it should have is a nuisance — that is a word I will explain to you — and because it is a nuisance, the plaintiff says that the defendant is liable for maintaining that nuisance there. And,

thirdly, the plaintiff says that the defendant was negligent and that as a result of that negligence the plaintiff was injured."

After discussing the three different theories the presiding justice continued:

"So, now you see that the distinction between the three theories of the plaintiff isn't turning out to be very important from the standpoint of my charge to you because I am charging you that under whichever theory you consider — whichever one of those three theories — the conduct of the defendant fails to measure up to the standard required by law; so, under the theory of the statute I spoke of, the defendant didn't comply with the statute; under the theory of the nuisance, the defendant did commit a public nuisance; under the theory of negligence, the defendant was negligent at law in so far as it didn't have that signpost there."

\* \* \* \* \* \* \* \* \* \*

"So, now, repeating perhaps, under whichever of the three theories you are considering, the question is, the conduct of the defendant not having been sufficient to meet the requirements of law, you have only to decide, first, was this conduct of the defendant that I speak of the proximate cause of the injury which the plaintiff received, and, secondly, was the plaintiff herself entirely free from any negligent conduct which in any way contributed to her injuries."

In light of the statement of the theories on which the case was tried made by the presiding justice and to which no objection was made, we need not examine the pleadings to ascertain whether the theories are there adequately set forth.

Counsel for the defendant in their brief accurately say:

"For purposes of this appeal we must assume that in considering each of the Plaintiff's counts the jury found that:

"A.  Defendant's (1) negligence, (2) commission of a nuisance, and (3) violation of statutory duty, were each a proximate cause of the Plaintiff's injury; and

"B.  Plaintiff's own negligence was a proximate cause of the injury."

The parties stipulated that "There was sufficient evidence to support a jury's finding that the Plaintiff was guilty of contributory negligence if the court's instructions to the jury regarding contributory negligence were correct as a matter of law."

The third theory stated by the presiding justice was neither more nor less than the theory of the every day action for tort with freedom from contributory negligence on the part of the plaintiff as an essential element. No claim otherwise is made by the plaintiff.

The first and second theories are directly related to the violation of the signboard statute, and do not fall into entirely separate compartments. The plaintiff urges that her contributory negligence does not bar recovery: first, under the signboard statute, and second, for damages arising from a public nuisance characterized by the plaintiff as an absolute nuisance.

*First theory:*  Sections 73 and 74, *supra,* do not, in our view, remove the bar of contributory negligence. The signboard statute was designed to establish at least minimum standards of safety in the maintenance and use of railroad grade crossings. It does not follow, however, that the plaintiff claiming damage is thereby released from a duty to use due care on his part. We may compare motor vehicle laws governing highway traffic.

The language of the statute does not require the interpretation sought by the plaintiff. Unless such meaning is clearly apparent, there is no sound reason to permit re-

covery to one whose negligence has contributed to his injury.

"**Contributory negligence under statutory claims.** The rule forbidding a recovery for negligence where a plaintiff has contributed to the injury by his own fault, is generally held applicable to causes of action given by statute.

"Under a statute giving a right of action for all damages sustained or injury suffered 'by reason' or 'in consequence' of neglect to do some act, the ordinary rule as to contributory negligence is not excluded from the operation of the statute. In such case, the practical construction given to the statute is that the injury is not suffered by reason or in consequence of the defendant's neglect, but rather in consequence of the plaintiff's want of ordinary care to avoid exposure to the injury. Thus, where a statute requires railroad companies to ring bells when approaching a highway crossing, or keep a flagman stationed there, or use other means to warn travelers, and making them liable to another person who suffers injury by reason of their omission to use such means, contributory negligence is a good defense." 1 Shearman and Redfield on Negligence § 79.

"**Contributory negligence—Violation of statutory duty.**—There are many modern statutes requiring the performance of specified acts and denouncing a penalty against persons who fail or refuse to perform the designated acts. In some of the books it is suggested that the doctrine of contributory negligence does not apply where the injury is caused by a violation of a statute. The overwhelming weight of authority is, however, that the doctrine does apply, unless the statute explicitly abrogates the rule of the common law. Principle and authority, as we believe, require the conclusion that, although the violation of a statute may give a right of action to one who is injured thereby, it does not, unless expressly or by necessary implication, so declared, give a right of ac-

tion to one who is himself guilty of contributory negligence." 4 Elliott on Railroads (3rd ed.) § 1882.

See also *Dart* v. *Pure Oil Co.* (Minn.), 27 N. W. (2nd) 555, 559; 65 C. J. S., *Negligence,* § 130c; 74 C. J. S., *Railroads,* § 726; 75 C. J. S., *Railroads,* § 947.

No Maine cases involving violation of the signboard or like statutes removing contributory negligence as a bar to recovery have come to our attention. *Flood* v. *Belfast & Moosehead Lake R. R. Co.,* 157 Me. 317, 321, 171 A. (2nd) 433 (failure to ring bell or blow whistle); *Borders* v. *Boston & Maine Railroad,* 115 Me. 207, 98 A. 662 (absence of gate man); *Wadsworth* v. *Marshall,* 88 Me. 263, 34 A. 30 (statute requiring quarry man to give notice of explosion); *Hooper* v. *B. & M. R. R.,* 81 Me. 260, 267, 17 A. 64 (open gates unattended); *State* v. *B. & M. R. R. Co.,* 80 Me. 430, 443, 15 A. 36 (open gates unattended); *Wilder* v. *Maine Central,* 65 Me. 332 (fencing); *Perkins* v. *Eastern and B. & M. Railroad Co.,* 29 Me. 307 (fencing). See also *Webb* v. *Portland & Kennebec Railroad Company,* 57 Me. 117 (contributory negligence at grade crossing); *Fay* v. *Boston & Maine Railroad,* 338 Mass. 531, 156 N. E. (2nd) 24 (violation of traffic law by plaintiff motorist); *Weir* v. *New York, New Haven & Hartford R. R. Co.,* 340 Mass. 66, 162 N. E. (2nd) 793 (whistle); *Johnson* v. *Chicago & N. W. R. Co.* (S. D.), 38 N. W. (2nd) 348, 351 (signboard); *Sanders* v. *Charleston & W. C. Ry. Co.* (S. C.), 77 S. E. 289 (signboard).

Examples of absolute liability with contributory negligence eliminated by plain statutory language are *Excelsior Co.* v. *Railroad Co.,* 93 Me. 52, 44 A. 138 (fire caused by locomotive), and *Hussey* v. *King,* 83 Me. 568, 22 A. 476 (dog bite).

*Second theory:* We have assumed that the railroad crossing without the required warning sign was a public

nuisance. The main argument of the plaintiff is that contributory negligence does not prevent her recovery inasmuch as the nuisance was absolute and not grounded on negligence.

In *McFarlane* v. *Niagara Falls*, 247 N. Y. 340, 160 N. E. 391, 57 A. L. R. 1, the plaintiff stumbled on a projection in the sidewalk. Chief Judge Cardozo, in an opinion often cited, said at p. 3:

> "If danger there was, then also there was nuisance, though nuisance growing out of negligence. Nuisance as a concept of the law has more meanings than one."

and again at p. 4:

> "Confining ourselves now to the necessities of the case before us, we hold that whenever a nuisance has its origin in negligence, one may not avert the consequences of his own contributory negligence by affixing to the negligence of the wrongdoer the label of a nuisance."

We need not, nor do we, attempt to determine precisely where a line may be or ought to be drawn between nuisances characterized as absolute nuisances and negligence nuisances. Difficulties involved in the application of an absolute nuisance test are illustrated in *Beckwith* v. *Town of Stratford* (Conn.), 29 A. (2nd) 775.

This is a typical grade crossing case. The differences between the nuisance here and, let us say, a nuisance created by offensive odors are obvious. R. S., c. 141, § 6. We are considering the rights and duties of the traveler on the public way and the railroad in the reasonable and efficient use of facilities lawfully available to each. We are satisfied that the basis of the nuisance here is negligence, and that contributory negligence therefore bars recovery.

The principle that contributory negligence is a defense against a nuisance based on negligence is found in the leading case of *Butterfield* v. *Forrester*, 11 East, 60, 103 Eng. Reprint, 926, 19 Eng. Rul. Cas. 189 (1809), in which the defendant had created a nuisance in placing a pole across a highway. The plaintiff, injured in riding into the obstruction, was held to a duty of due care. "A party," said Lord Ellenborough, C. J., "is not to cast himself upon an obstruction which has been made by the fault of another and avail himself of it if he do not himself use common and ordinary caution to be in the right. . . One person being in fault will not dispense with another's using ordinary care for himself. Two things must concur to support this action, an obstruction in the road by the fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff."

Our Maine cases are uniform to the same effect. *Daniel* v. *Morency*, 156 Me. 355, 165 A. (2nd) 64 (gasoline filler pipe in sidewalk); *Palleria* v. *Farrin Bros. & Smith*, 153 Me. 423, 140 A. (2nd) 716 (ditch in street); *Larson* v. *N. E. Tel. & Tel. Co.*, 141 Me. 326, 44 A. (2nd) 1, noted in 73 A. L. R. (2nd) 1393 (contributory negligence not in issue; action by owner for damages caused by excavation in street to his automobile while in the possession of and operated by a bailee); *Benson* v. *Titcomb*, 72 Me. 31 (steam engine); *Dickey and Wife* v. *Maine Telegraph Company*, 43 Me. 492, 496 (wire across highway). See also *Brown* v. *Alter*, 251 Mass. 223, 146 N. E. 691; *McKenna* v. *Andreassi*, 292 Mass. 213, 197 N. E. 879; *Taylor* v. *City of Cincinnati* (Ohio), 55 N. E. (2nd) 724; 39 Am. Jur., *Nuisances*, § 200; Harper and James, Torts, § 1.28, § 22.8 at p. 1225, and § 22.9; Prosser, Torts, § 70, pp. 389, 399 on absolute nuisance, § 74, p. 423 on contributory negligence; Seavey, Nuisance: Contributory Negligence and other Mysteries, 65 Harv. L. Rev. 984 (1952); Annot. 73 A. L. R. (2nd) 1378.

The principles we have here approved do not unduly burden the traveler. Among the circumstances to be considered and weighed in finding due care or negligence are, of course, a failure of the railroad to give warning by signboard, or whistles, or bells, or other appropriate means. The railroad owes a duty of due care to the traveler crossing its tracks and the traveler in turn must act with due care under the circumstances.

The entry will be

*Appeal denied.*