JOHN McKENNA *vs.* CHARLES ANDREASSI.

Suffolk.     February 5, 1935. — October 5, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Practice, Civil,* Requests, rulings and instructions; Appellate Division: appeal. *Nuisance. Proximate Cause. Way,* Public. *Negligence,* Of creator of nuisance, Contributory, Of child, Of person in charge of child. *Evidence,* Presumptions and burden of proof.

On appeal from an order of an appellate division, this court considers only the rulings of law made and reported by the trial judge and the action of the Appellate Division thereon; findings of fact are not open.

Under Rule 28 of the Municipal Court of the City of Boston (1932), no review as of right by the Appellate Division lay to the denial of a request for a ruling that "upon all the evidence there be a finding for the plaintiff"; and no question as to such request was before this court upon appeal if the Appellate Division in its discretion did not review such denial.

A trench dug in a public way in a city under a permit of the sewer authorities to build a sewer, nevertheless was a public nuisance unless the digger also had a permit to open the street as required by the city ordinances.

A trench dug in a public way without a permit as required by an ordinance, though a public nuisance, could be found not to be the proximate cause of injury to a boy, not a traveller, who was playing on its edge and fell into it.

Though the liability of the creator of a public nuisance for resulting injury does not depend on his negligence, contributory negligence of the injured person bars his recovery.

A child about six years old could be found, upon sufficient evidence, to be incapable of exercising care for his own safety.

A child incapable of caring for himself is held to the same standard of care for himself as an adult, unless his custodian exercises due care for his safety; and notwithstanding G. L. (Ter. Ed.) c. 231, § 85, the child has the burden of proving the custodian's due care.

The evidence did not require a finding that the custodians of a child who fell into a trench in a street while playing on its edge exercised due care for his safety.

TORT. Writ in the Municipal Court of the City of Boston dated January 10, 1934.

The action was heard in the Municipal Court by *Dowd*, J.

*H. F. Lynch*, for the plaintiff.

*G. F. Garrity* & *W. T. Cavanaugh*, for the defendant, submitted a brief.

FIELD, J. This action of tort was brought in the Municipal Court of the City of Boston by a minor by his guardian to recover compensation for personal injuries sustained by the plaintiff as a result of his falling into a trench in the street excavated by the defendant. The judge made specific findings of fact, granted and denied requests for rulings by the plaintiff and found generally for the defendant. A report to the Appellate Division was dismissed and the plaintiff appealed.

The report was dismissed rightly.

The judge found these facts among others: The defendant had a contract with the city of Boston to lay a sewer in Sharon Street. He excavated in the street a trench twelve feet deep and fifty-two to fifty-four inches wide. The excavated earth was thrown up on one side of the trench, making a barrier four or five feet high. On

the other side the defendant erected a strong barrier of planks and wooden horses. The defendant had a permit, issued by the sewer division of the public works department of the city of Boston, to build a sewer. But he "did not have a permit to open the street as required by Revised Ordinances of the City of Boston, c. 27, § 9, and c. 39, § 57." The plaintiff, "a boy about six years of age, while playing at fishing in the trench with a line and bent pin, fell in and was injured." The watchman had told the plaintiff to keep away from the trench, but the plaintiff had crawled under the barrier to the trench. The plaintiff's mother "knew that he was not old enough to be trusted alone on the street" and had entrusted him to the care of a ten year old girl. The girl was not with the plaintiff when he fell into the trench. The "failure of the defendant to obtain a permit to open the street had no causative relation to the accident." The "mother of the plaintiff was contributorily negligent."

The judge, at the request of the plaintiff, ruled that the defendant by opening and occupying a public highway without a permit created a public nuisance and that reasonable care on the part of the defendant to prevent injury to the plaintiff was not a defence to the action. And the plaintiff does not rely on any negligence of the defendant, apart from his opening the street without a permit. The plaintiff's contentions, in substance, are that his injury was caused by the defendant's unlawful conduct in digging the trench in the street without a permit, and that his recovery is not barred by the contributory negligence of any person.

Findings of fact cannot be reversed on this appeal. It brings before us for review only the rulings of law made by the trial judge and reported by him to the Appellate Division and the action of the Appellate Division thereon. *Duggan* v. *Matthew Cummings Co.* 277 Mass. 445, 449.

1. The judge refused to rule as requested by the plaintiff that "upon all the evidence there be a finding for the plaintiff." This request was not in compliance with Rule 28 of the Municipal Court of the City of Boston (1932) providing that "No review as of right shall lie to the refusal of a request

for a ruling 'upon all the evidence' in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request." The plaintiff, therefore, was not entitled as of right to review by the Appellate Division of the refusal of this request. *Holton* v. *American Pastry Products Corp.* 274 Mass. 268. *Duralith Corp.* v. *Leonard,* 274 Mass. 397. *Wainwright* v. *Jackson,* 291 Mass. 100, 101–102. And the Appellate Division did not in its discretion review such refusal. Therefore, no action of the Appellate Division on the requested ruling is before us on this appeal. *Duggan* v. *Matthew Cummings Co.* 277 Mass. 445, 449. However, the plaintiff is not harmed by the application of this procedural rule, for, as will later appear, our decisions upon specific rulings made and refused are fatal to. recovery by the plaintiff.

2. The ruling of the trial judge — the correctness of which is not questioned by the defendant — that the defendant by opening and occupying a public highway without a permit created a public nuisance, was based necessarily on the ground that by so doing the defendant unlawfully interfered with the use of the street by the general public for purposes of travel. *Banks* v. *Highland Street Railway,* 136 Mass. 485, 486. *Dalton* v. *Great Atlantic & Pacific Tea Co.* 241 Mass. 400, 402–403. Where injury results directly from such a nuisance to a person using the street rightfully and in the exercise of due care a private action can be maintained for damages sustained, independent of negligence of the defendant. *Smith* v. *Smith,* 2 Pick. 621. *Dalton* v. *Great Atlantic & Pacific Tea Co.* 241 Mass. 400, 402–403. *Brown* v. *Alter,* 251 Mass. 223. *Jones* v. *Great Barrington,* 273 Mass. 483, 488. *Balian* v. *Ogassin,* 277 Mass. 525, 530. *LaFucci* v. *Palladino,* 285 Mass. 240, 243. A ruling of the trial judge at the request of the plaintiff, in substance, that due care on the part of the defendant was not a defence to the action, recognized the principle here stated with respect to the immateriality of the defendant's negligence. And it was not error to refuse to rule (or find) "as to this plaintiff," as requested by him, that "In this case

negligence of the defendant is not a necessary element."
The principle of law involved was covered by the ruling
made and this requested ruling (or finding) was susceptible
of the interpretation that in the absence of negligence of
the defendant the plaintiff could recover — a ruling (or
finding) which, for reasons hereinafter stated, the judge
was not required to make.

3. "Illegality on the part of a defendant does not of it-
self create a liability for remote consequences . . . . The
causal connection between the two still remains to be es-
tablished. . . . In order to maintain a personal action to
recover damages for a public nuisance, the plaintiff must
show that his particular loss or damage was caused by the
nuisance, just as in case of any other tort." *Stone* v. *Boston
& Albany Railroad*, 171 Mass. 536, 544. See *Stowe* v.
*Mason*, 289 Mass. 577, 583–584.

The finding of the trial judge that the "failure of the
defendant to obtain a permit to open the street had no
causative relation to the accident" was not erroneous as
matter of law. It could have been found that the public
nuisance created by the defendant in opening and occupy-
ing the street without a permit was too remote as a cause
of the injury to impose liability therefor on the defendant.
Whether it could have been so ruled as matter of law we
need not decide. See *Davis* v. *John L. Whiting & Son Co.*
201 Mass. 91, 96. Ordinarily causation is a question of fact,
though it may become a question of law when all the facts
are established and there can be no reasonable difference of
opinion as to the effect of them. *Dalton* v. *Great Atlantic
& Pacific Tea Co.* 241 Mass. 400, 404. Am. Law. Inst.
Restatement: Torts, § 434. Even if the plaintiff while
playing in the street was not a trespasser in his relation to
persons using the street for purposes of travel (*O'Brien* v.
*Hudner*, 182 Mass. 381, *Boni* v. *Goldstein*, 276 Mass. 372,
376), he was not a traveller on the street for whose use the
city was required to keep it in repair. *Blodgett* v. *Boston*,
8 Allen, 237. *Tighe* v. *Lowell*, 119 Mass. 472. The "public
ways of the Commonwealth are not laid out as playgrounds
for children." *O'Brien* v. *Hudner*, 182 Mass. 381, 382.

The ordinance requiring a permit for opening and occupying a street, so far as it was for the protection of the general public, was for the protection of travellers. It is not necessary, however, to go so far as to hold that the ordinance here in question was not intended also for the protection of persons in the position of this plaintiff. But at least the fact that the plaintiff was not a traveller on the street had some bearing on the degree of remoteness of the injury from the violation of the ordinance. In *Dalton* v. *Great Atlantic & Pacific Tea Co.* 241 Mass. 400, 404, where the defendant maintained an awning over a sidewalk without a license to do so, as required by a city ordinance, the court said: "The defendant, when it wrongfully maintained an obstruction in the street, was forewarned that it might turn out to be an object of peril to travellers." Though the accident would not have occurred if the defendant had not dug the trench, and though the trench was dug by the defendant in violation of the ordinance, the judge could have found that the accident to the plaintiff while playing in the street in such circumstances with respect to barriers, warning by the watchman and the conduct of the plaintiff as are here shown was so extraordinary — so "unusual and unlikely to happen . . . remotely and slightly probable," *Falk* v. *Finkelman*, 268 Mass. 524, 527 — that the violation of the ordinance was not a substantial factor in causing the accident (see *Wall* v. *King*, 280 Mass. 577, 581; Am. Law Inst. Restatement: Torts, §§ 432, 433), but, rather, that the unlawful occupation of the street was a condition which made possible the accident and was not a contributing cause thereof. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596, 604. *Falk* v. *Finkelman*, 268 Mass. 524, 527–528. *Stowe* v. *Mason*, 289 Mass. 577, 583. See also *Glassey* v. *Worcester Consolidated Street Railway*, 185 Mass. 315; *Farrell* v. *B. F. Sturtevant Co.* 194 Mass. 431; *Davis* v. *John L. Whiting & Son Co.* 201 Mass. 91, 95–96.

4. Contributory negligence is a bar to recovery for injuries caused by a public nuisance of the kind here in question to travellers on the highway. *Smith* v. *Smith*, 2 Pick. 621.

*Brown* v. *Alter*, 251 Mass. 223. The plaintiff is at least in no better position in this respect than a traveller.

There was no error in the rulings of the trial judge in regard to contributory negligence. There was testimony that the plaintiff was six years of age in June, 1933 (the accident occurred in October, 1933) and that the plaintiff's mother "knew the plaintiff was not able to take care of himself alone on the street." It could not have been ruled as a proposition of law of general application that it was unsafe for a child of the age of the plaintiff to be allowed on the streets unattended. *Pinto* v. *Brennan*, 254 Mass. 298, 301. *Linnane* v. *Millman*, 261 Mass. 491, 494. *Stacy* v. *Dorchester Awning Co. Inc.* 290 Mass. 356, 359–360. But on evidence as to the capacity of a particular child for exercising care such a conclusion with respect to that child may be reached as a finding of fact. *McDermott* v. *Boston Elevated Railway*, 184 Mass. 126, 128. *Miller* v. *Flash Chemical Co.* 230 Mass. 419, 421. The evidence here warranted such a finding. Consequently it was not error for the judge to find that the plaintiff's mother "knew that he was not old enough to be trusted alone on the street," or to refuse to rule, as requested by the plaintiff, that the "plaintiff, six years and four months was old enough to be allowed out of the sight of his mother while under her direction."

The plaintiff, in view of his incapacity to exercise care for his own safety, cannot recover in this action if his conduct was a contributing cause of the injury sustained by him, and if such conduct would have been negligent in an adult person in like circumstances, unless his custodian exercised due care in supervision or control over him. *Miller* v. *Flash Chemical Co.* 230 Mass. 419, 421. The judge could have found on the evidence — wherever the burden of proof rested (compare G. L. [Ter. Ed.] c. 231, § 85; *Sullivan* v. *Chadwick*, 236 Mass. 130; *Minsk* v. *Pitaro*, 284 Mass. 109, 114–115) — that the conduct of the plaintiff would have been negligent in an adult person in like circumstances and that such conduct was a contributing

cause of the injury. *Smith* v. *Smith*, 2 Pick. 621. Am. Law Inst. Restatement: Torts, § 474.

The burden of establishing that the plaintiff's custodian was in the exercise of due care was on the plaintiff since, on this phase of the case, he is not aided by G. L. (Ter. Ed.) c. 231, § 85. *Shear* v. *Rogoff*, 288 Mass. 357, 359. The record is bare of evidence that the ten year old girl, the temporary custodian of the plaintiff, exercised due care. Indeed it could have been found that so far as this girl was charged with any duty to care for the plaintiff by reason of his being entrusted to her custody, her failure to care for him was "a neglect and abandonment of duty and was not a temporary failure to perform that duty." *Marchant* v. *Boston & Maine Railroad*, 228 Mass. 472, 477. See also *Callahan* v. *Bean*, 9 Allen, 401; *Cotter* v. *Lynn & Boston Railroad*, 180 Mass. 145; *Stachowicz* v. *Matera*, 257 Mass. 283. Compare *Travers* v. *Boston Elevated Railway*, 217 Mass. 188, 192; *Coldiron* v. *Worcester Consolidated Street Railway*, 253 Mass. 462, 464; *Piantedosi* v. *Bassett*, 279 Mass. 337, 339; *Shear* v. *Rogoff*, 288 Mass. 357, 360–361. And there was no evidence that the plaintiff's mother exercised any care for his safety after entrusting him to the girl as his temporary custodian. Even if the mother was not negligent in entrusting him to her custody the judge could have found that the burden of proof resting on the plaintiff was not sustained. Under our decisions the negligence of a temporary custodian is in substance imputed to the child. *Garabedian* v. *Worcester Consolidated Street Railway*, 225 Mass. 65. *Marchant* v. *Boston & Maine Railroad*, 228 Mass. 472, 476–477. See also *Dowd* v. *Tighe*, 209 Mass. 464, 467; *McDonough* v. *Vozzela*, 247 Mass. 552, 556; *Herd* v. *Boston Elevated Railway*, 265 Mass. 125, 127.

The judge, however, found expressly that the mother was "contributorily negligent" — in effect finding that the burden of showing that she exercised due care was not sustained. It cannot be said as matter of law that this finding was wrong. Though the judge found that the mother "had entrusted the care of the plaintiff" to the girl, the evidence

was merely that she told the plaintiff to stay with the girl at the door of the house in which they were. There was no evidence that the mother gave the girl any directions in regard to control or supervision of the movements of the plaintiff. As the mother knew, he could not safely be permitted to go on the street unattended. And the judge saw both the plaintiff and the girl. Obviously a finding that the mother's conduct was prudent was not required by the evidence. Nor was such a finding required as an inference from the primary facts found. And the presence of the plaintiff in the street could be found to have been "a cause, and not merely a condition, of the accident." *Casey* v. *Smith,* 152 Mass. 294, 295. The unusual nature of the risk of danger to the plaintiff in the street did not require the conclusion that negligence of his mother — or of his temporary custodian — in permitting the plaintiff to be in the street at all unattended, even under ordinary circumstances, was not a contributing cause of his injury. This is true even if the judge believed the mother's testimony that she did not know of the existence of the trench. See *Dulligan* v. *Barber Asphalt Paving Co.* 201 Mass. 227, 231; *Leahy* v. *Standard Oil Co. of New York,* 224 Mass. 352, 361; Am. Law Inst. Restatement: Torts, §§ 435, 465. The case is distinguishable from *Hyde Park* v. *Gay,* 120 Mass. 589, relied on by the plaintiff, where the plaintiff's conduct would not have been negligent under ordinary conditions. A finding that negligent conduct of the plaintiff's mother — or of his temporary custodian — was a contributing cause of the plaintiff's injury is not, as matter of law, inconsistent with a finding that the illegal act of the defendant was not such a cause, though the difference in point of fact may be somewhat narrow.

5. Other rulings requested by the plaintiff and refused by the trial judge need not be considered in detail. Some of them involved expressly or impliedly rulings as to the defendant's liability inconsistent with what has been said already. Others, as stated by the trial judge, assumed the existence of facts which he did not find.

*Order dismissing report affirmed.*