IRENE GAW *vs.* HEW CONSTRUCTION COMPANY.

IRENE GAW, administratrix, *vs.* SAME.

Suffolk.    March 7, 1938. — May 24, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, DOLAN, & COX, JJ.

*Practice, Civil,* Exceptions: sufficiency of bill, what questions open. *Nuisance. Way,* Public: nuisance. *Proximate Cause.*

An exception to the denial of a request for a ruling predicated "on all the evidence" presents no question of law to this court where the evidence is not set out in the bill of exceptions.

A bill of exceptions which did not set out the evidence at the hearing by a judge without a jury, but did include subsidiary findings of fact by the judge, an agreement by the parties that there was evidence warranting the findings, a statement by the judge interpreted by

this court as meaning that he reached his conclusions on the basis alone of those subsidiary facts, and an exception by the plaintiff to a general finding for the defendant, presented the question of law, whether the general finding was permissible on the subsidiary findings. Upon findings that a covered passageway, required by a municipal permit to be maintained by a contractor on a sidewalk during construction of an adjacent building, was temporarily, but not for an unreasonable length of time, blocked by the contractor for the purpose of delivering materials for use in the building, further findings were permissible that such blocking was not a nuisance nor the proximate cause of injuries sustained by a pedestrian who because thereof walked into the street and slipped on ice there, and that the contractor was not liable for such injuries.

TWO ACTIONS OF TORT. Writs in the Superior Court dated May 13 and July 1, 1935, respectively.

The cases were heard together by *Hanify*, J., and were submitted on briefs to this court.

*M. Kabatznick, H. Gesmer, & I. Rosenblatt*, for the plaintiffs.

*T. H. Mahony & R. J. Coffin*, for the defendant.

DOLAN, J. These are two actions of tort. The first is brought to recover compensation for personal injuries sustained under circumstances which will be hereinafter described. The second action is for consequential damages. The actions were tried together before a judge of the Superior Court, without a jury, who made certain findings of fact and found for the defendant in each case. The cases come before us on the plaintiffs' exceptions to the denial of certain requests for rulings which were predicated "on all the evidence," and on their exceptions to the general findings of the judge for the defendant. None of the evidence is set forth in the record, but it is therein stated that "There was evidence which would warrant the findings of the court." In these circumstances the exceptions to the denial of the requested rulings cannot be sustained, because they rest on the sufficiency of evidence which is not set out in the record. *Barnes* v. *Springfield*, 268 Mass. 497, 504; *Household Engineers Inc.* v. *Ryder*, 277 Mass. 523. While the plaintiffs pursued the correct practice by the requested rulings to raise the question of law whether the evidence was sufficient to warrant findings for them, they rendered

the exceptions to their denial ineffective by failure to see that the bills of exceptions included all that is necessary to decide whether the denial was or was not erroneous. See *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, 94–95, and cases cited. See also *Posell* v. *Herscovitz,* 237 Mass. 513, 516, and cases cited.

The remaining exceptions of the plaintiffs are to "the findings of the court for the defendant" in each case. By his ultimate findings for the defendant the judge impliedly ruled that on all the evidence those findings were warranted as matter of law. In the ordinary case of a trial on evidence the party wishing to raise a question of law must do so before the trial is over, and if he fails to do so, or, as in the case at bar, having done so fails to have included in the bill of exceptions all that is necessary to decide whether the judge erred, an exception to the general finding or decision of the judge brings no question of law before us. See *Keohane, petitioner,* 179 Mass. 69; *Baker* v. *Davis,* 299 Mass. 345, 348; *Posell* v. *Herscovitz,* 237 Mass. 513, 516.

In the case at bar, however, the judge in his findings of fact at the point just before his general finding for the defendant in each case stated: "I find and rule that the blocking of the passageway as aforesaid was not the direct and proximate cause of the accident; nor did it constitute a nuisance." The judge thus ruled that the subsidiary facts found by him warranted the findings that the blocking of the passageway was not the proximate cause of the accident and did not constitute a nuisance, and hence also warranted his ultimate findings for the defendant. See *Sylvester* v. *Shea,* 280 Mass. 508. We interpret the words "as aforesaid" to mean that the judge reached his conclusions on the basis alone of the subsidiary facts found by him which the plaintiffs concede were warranted by the evidence, and are of opinion that the case stands as one where all the material subsidiary findings of fact have been made and that the plaintiffs' exceptions to the general findings of the judge for the defendant in these circumstances bring before us the question of law whether those findings were permissible on the subsidiary facts found, under the rule stated

in *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 167.

The findings of the judge other than those just referred to and his general findings for the defendant are as follows: "On January 15, 1935, and for some time prior thereto the defendant construction company was engaged in erecting a building at 407 to 411 Washington Street in Boston in pursuance of a contract with the lessee of the premises. On December 3, 1934, it was granted the use of the sidewalk in front of these premises under a permit issued in accordance with Chapter 27, section 9, of the Revised Ordinances (1925) of the City of Boston. An express condition of the acceptance of the permit was that the defendant 'shall place and maintain a safe and convenient way for the use of foot travellers and vehicles around or over such place.' In pursuance of this permit and in compliance therewith the defendant provided a passageway on the sidewalk adjoining the premises at 407 to 411 Washington Street by constructing an overhead wooden structure twelve feet above the sidewalk. It ran parallel to the sidewalk in front of said premises for about forty-two feet and was about nine feet in width. There was a prow extending from the top upwards to guard against anything that might fall into the street. It was supported by two sides; the one directly against the building was made up of studs and panels and closed in the building, the other or the section nearest the street had railings extending the length of the structure so that persons walking through the passageway could not get out on to the street. This structure afforded a safe and convenient way for foot travellers to continue along the sidewalk in front of these premises. At about 1:15 P.M., on January 15, 1935, the plaintiff, Irene Gaw, passed through said passageway to go to a nearby store where she remained but a short while. When she came out she approached the entrance to the passageway and found it blocked by cross bars. She then walked off the sidewalk into the street to go around the structure and while walking in the gutter in front of said premises she slipped on a natural accumulation of ice about twenty inches square,

fell and broke her ankle. The presence of the ice in that portion of the street upon which she fell was not attributable to any neglect of those for whom the defendant was responsible. There was no unnatural accumulation of snow and ice at the place where she fell nor was there any accumulation of dirt, rubbish or other materials as alleged in her declaration. The plaintiff at the time of the accident was in the exercise of due care. The passageway at the time of her stepping into the street was blocked temporarily for the purpose of delivering materials for use in the building and did not remain blocked for an unreasonable length of time."

Even if the violation of the terms of the permit granted to the defendant constituted a violation of the ordinance under which it was issued, while "It is the law that a violation of a statute or ordinance is evidence of negligence. . . . Equally clearly, it is established that such evidence does not make out actionable negligence, unless the violation can be shown to have been actually a proximate cause contributing to the injury suffered." *Milbury* v. *Turner Centre System,* 274 Mass. 358, 361, and cases cited. See also *Stowe* v. *Mason,* 289 Mass. 577, 583; *McKenna* v. *Andreassi,* 292 Mass. 213, 217, 218. Moreover, the violation of an ordinance is not conclusive proof of negligence but it may be considered by the judge in passing upon the question. See *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580, 582. "It may be only a circumstance and not a cause, and the question is generally one of fact." *Stowe* v. *Mason,* 289 Mass. 577, 583.

The conclusions of the judge that the obstruction in question was not the direct and proximate cause of the accident and did not constitute a nuisance find support in *Smith* v. *Locke Coal Co.* 265 Mass. 524, where there was an obstruction of a way by a coal company, which was delivering coal by means of a chute extended across the sidewalk, in consequence of which the plaintiff stepped into the street and slipped and fell on ice under a fall of snow. It was there held that the obstruction of the street was not the direct and proximate cause of the accident, had no causal

connection with the injuries of the plaintiff, and, not having existed for an unreasonable length of time, was only a temporary inconvenience, was "not an unlawful occupation of the way . . . [and did not] constitute a nuisance." (Page 526.) The defendant in the cases at bar should be in no worse position than if it had no permit to obstruct the way. One does not create a nuisance who obstructs a way if, as appears in the instant case, the obstruction is not for an unreasonable length of time, is reasonably necessary for the transaction of business and does not unreasonably interfere with the rights of the public. See *Judd* v. *Fargo*, 107 Mass. 264, 267; *Smith* v. *Locke Coal Co.* 265 Mass. 524, 526; *Haggenjos* v. *Chicago*, 336 Ill. 573, 578; *Mann* v. *Max*, 93 N. J. L. 191, 193; *Vallo* v. *United States Express Co.* 147 Penn. St. 404, 407. Such questions are of fact and not of law. See *Moynihan* v. *Whidden*, 143 Mass. 287, 291, 292; *Horr* v. *New York, New Haven & Hartford Railroad*, 193 Mass. 100, 102; *John A. Tolman & Co.* v. *Chicago*, 240 Ill. 268, 277; *Callanan* v. *Gilman*, 107 N. Y. 360, 365.

We are of opinion that the facts found warranted the conclusions of the judge that the obstruction of the way was not the direct and proximate cause of the accident and did not constitute a nuisance.

*Exceptions overruled.*