ELIZA JONES *vs.* THEODORE F. HAYDEN.

Suffolk. April 9, 1941. — October 29, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, COX, & RONAN, JJ.

*Nuisance. Way,* Public: obstruction, nuisance. *Proximate Cause. Evidence,* Admitted without objection. *Practice, Civil,* Auditor: findings; Requests, rulings and instructions.

No error appeared in the denial of a ruling, requested by the plaintiff at the trial of an action upon the report of an auditor and other evidence, in substance that, in order for force and effect to be given to a statement made by his attorney, which had been introduced in evidence before the auditor without objection and respecting which the auditor had made a finding as to a subsidiary fact not decisive of an issue, it must be shown to have been made with the plaintiff's knowledge, approval or direction or subsequently to have been adopted by him.

Evidence warranted a finding that goods, placed on a public sidewalk by the defendant while delivering them to an adjacent building from a truck parked beside the sidewalk, completely blocked travel on the sidewalk unnecessarily and for an unreasonable length of time and were a nuisance respecting a pedestrian thereby compelled to walk around the truck in the street, which was dangerous to travel by reason of ridges and furrows of snow and ice.

Evidence would have warranted a finding that a nuisance, maintained by a truckman in blocking a sidewalk and causing a pedestrian to walk in the street around his truck, was the proximate cause of injuries sustained by the pedestrian when he fell in the street due to its dangerous condition caused by ridges and furrows of snow and ice.

TORT. Writ in the Municipal Court of the City of Boston dated March 6, 1935.

On removal to the Superior Court, the case was tried before *Kirk*, J.

In this court, the case was argued in April, 1941, before *Field*, C.J., *Qua*, *Dolan*, & *Cox*, JJ., and afterwards was submitted on briefs to all the Justices except *Lummus*, J.

*F. I. Rose*, for the plaintiff.

*R. N. Daley*, for the defendant.

DOLAN, J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff, as a result of falling on Eustis Street, a public way in the Roxbury district of the city of Boston. The declaration is in two counts, the first alleging that the plaintiff's injuries were due to negligence of the defendant, the second alleging them to have been caused by a nuisance created by the defendant. The case was referred to an auditor whose findings were not to be final. He found for the defendant on both counts. Thereafter the case was tried to a jury upon the auditor's report and other evidence. Subject to the plaintiff's exception the judge directed the jury to return a verdict for the defendant on the count for nuisance. The jury found for the defendant on the count for negligence. The plaintiff duly excepted to the judge's failure to give a certain request for instructions to the jury as to that count.

The evidence in its aspect most favorable to the plaintiff would warrant the jury in finding the following facts: On February 11, 1935, at about 2 P.M., the plaintiff was walking on the sidewalk on Eustis Street. The defendant's truck was parked in front of a stable on the side of the street where the plaintiff was walking. The roadway was covered deeply with snow, the neglected accumulation of "recent" storms. It was a "mass of snow and ice ridges, with deep furrows and ruts between them, varying in depth and width but at least a foot deep," some being a foot or more wide. These ridges and furrows had been caused by vehicular traffic and "had hardened substantially into ice." The condition of the roadway was "dangerous to travel." The defendant testified that "he saw the plaintiff walking

on the street and it was so rough he expected her to fall."
The sidewalk in front of the stable had been neglected,
"travellers walking on it had made travel possible . . .
but not inviting."

The defendant's truck was being used to hoist bales of
hay into the hay loft on the second floor of the stable. It
had unloaded a large number of bales of hay onto the side-
walk, but at the time of the plaintiff's approach fifteen bales
were still on the sidewalk "completely blocking travel." The
truck, fourteen feet long, was parked parallel with and close
to the sidewalk. In the process of hoisting the bales and
letting the tongs down the truck was operated forward and
back. The plaintiff "was obliged to go out into the street to
pass around the hay and the truck," and while doing so
slipped and fell on the ice, sustaining the injuries complained
of. No part of the truck came in contact with her.

The defendant did not have any permit for raising the
bales into the second story of the stable as required by
c. 39, § 38, of the Revised Ordinances of 1925 of the City
of Boston. Chapter 27, § 11, of those ordinances relating
to the issuance of such permits provides, in part, that the
person applying for the permit "shall maintain, during the
whole time the work is in progress, good and sufficient bar-
riers across the sidewalk . . . on each side of . . . [the]
goods or merchandise . . . and shall not encumber the
sidewalk for more than fifteen minutes at a time for such
work." No barriers had been placed across the sidewalk,
and from the time that the defendant and "his men" had
dumped all of the bales onto the sidewalk until the acci-
dent "they were doing the hoisting, and this period was
about one half hour or more, but not less than twenty
minutes . . . ."

In the matter of the count for negligence the plaintiff's
sole exception was to the failure of the judge to instruct
the jury in accordance with her request that "Any state-
ment alleged to have been made by the plaintiff's attorney
in order to have any force and effect and in order for you
to consider it, must be shown to be a statement made with
the knowledge, approval, or direction of the plaintiff, or

subsequently adopted by her, and in the absence of that, you should not take it into consideration in your deliberations and should completely disregard it, even though it may have been read to you in the auditor's report." This request was made as a result of findings made by the auditor with reference to a letter sent by the plaintiff's present counsel, dated February 14, 1935, which was introduced in evidence before the auditor without objection, and which, after setting out a claim of the plaintiff for negligent operation of a truck and the location of the accident, contained this concluding passage: "This woman allegedly being at a point in said street about in front of the front part of the truck as it was parked at the time." The auditor found that this statement contradicted the plaintiff's version of the accident, she having testified before him that when she stepped into the street and was about two feet in back of the truck, it started suddenly and would have struck her "except that she jumped back to avoid it, and in so doing, stumbled, slipped on the ice, and fell." In connection with the letter just referred to, while the auditor found that it was written by the attorney as a result of a telephone call made to him by the plaintiff's husband on February 13, 1935, and that the attorney did not confer personally with the plaintiff until February 19, 1935, the auditor, "contrary to the plaintiff's objection," gave this evidence force as an admission by the plaintiff and, in connection with other evidence in the case, found that the plaintiff did not meet with the accident "as presented by her before . . . [him]."

The plaintiff made no objection to the admission of this letter in evidence by the auditor, and it does not appear in the record that she made any motion to recommit the report, or that at the trial before the jury she moved to strike out the finding that the letter constituted an admission by her on the ground that the finding was based on an erroneous opinion of the law, or on any other ground. See G. L. (Ter. Ed.) c. 221, § 56; *Director General of Railroads* v. *Eastern Steamship Lines, Inc.* 245 Mass. 385, 398; *Boston Box Co. Inc.* v. *Shapiro*, 249 Mass. 373, 377. The letter having been admitted without objection, it, together

with the findings of the auditor made in connection therewith, was entitled to probative force and was evidence for the consideration of the jury. *Wireless Specialty Apparatus Co.* v. *Priess,* 246 Mass. 274, 279. See also *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564. Since the requested instruction related to the legal effect of this fragment only of the evidence, which was not decisive of the issue, there was no error in its denial. *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47, 51. *Tookmanian* v. *Fanning,* 308 Mass. 162, 168.

The plaintiff's second exception is to the action of the judge in directing the jury to return a verdict for the defendant on the count for nuisance.

It is settled that one "does not create a nuisance who obstructs a way if . . . the obstruction is not for an unreasonable length of time, is reasonably necessary for the transaction of business and does not unreasonably interfere with the rights of the public." *Gaw* v. *Hew Construction Co.* 300 Mass. 250, 255, and cases cited. 61 Am. L. R. 1054, and cases there collected. However, such use of a sidewalk must be necessary, temporary and reasonable, and whether the use is such is generally a question of fact to be determined with reference to time, place and circumstances. See *Graves* v. *Shattuck,* 35 N. H. 257, 265; *Denby* v. *Willer,* 59 Wis. 240; *State* v. *Emerson & Morgan Coal Co. Inc.* 150 Md. 429, 442; 4 McQuillin, Municipal Corporations (2d ed.) § 1443; 14 L. R. A. 556.

In the present case the jury could have found that the roadway was dangerous to travel, that the sidewalk was completely blocked for an unreasonable time, that the obstruction was not reasonably necessary for the transaction of business and unreasonably interfered with the rights of the public, and that the plaintiff was obliged to go into the roadway in order to pass the obstruction. In these circumstances we think that the jury would be warranted in finding that the obstruction constituted a public nuisance. See *Murphy* v. *Leggett,* 164 N. Y. 121. Compare *Lynch* v. *First National Bank of Boston,* 309 Mass. 458. In this respect the present case is distinguishable from

*Smith* v. *Locke Coal Co.* 265 Mass. 524, and *Gaw* v. *Hew Construction Co.* 300 Mass. 250.

The question whether the evidence would warrant the jury in finding that the plaintiff's injuries were caused by the nuisance remains to be considered. While negligence on the part of the defendant need not be shown to support the action so far as it is based on nuisance, still, the plaintiff, in order to prevail, must show that the nuisance was the proximate cause of her injuries. *McKenna* v. *Andreassi,* 292 Mass. 213, 216, 217, and cases cited. *Bullard* v. *Mattoon,* 297 Mass. 182, 186, 187. The burden was upon her to prove that the nuisance was an effective and contributory cause of her injuries "and not merely a condition or an attendant circumstance." *Dalton* v. *Great Atlantic & Pacific Tea Co.* 241 Mass. 400, 403. As is said in the *McKenna* case, at page 217, "Ordinarily causation is a question of fact, though it may become a question of law when all the facts are established and there can be no reasonable difference of opinion as to the effect of them."

In *Wallace* v. *Ludwig,* 292 Mass. 251, where there is a review of the cases, the court, at page 255, said: "The result of these decisions is that the primary cause may be the proximate cause, provided it continues to be efficiently, actively, and potently operative, although successive subsidiary instrumentalities may coöperate to produce the final result." In the instant case we think that the jury could find that the primary cause was the wrongful conduct of the defendant; that the proximate cause of her injuries was the nuisance; and that the ice in the street upon which she slipped and fell was but a subsidiary instrumentality which coöperated to produce the final result. See *Leveillee* v. *Wright,* 300 Mass. 382, 388, and cases cited.

We are of opinion that the circumstances of the case do not take it out of the rule that ordinarily causation is a question of fact; that it could not have been ruled properly that the nuisance was not the proximate cause of the plaintiff's injuries; and that it was error for the judge to direct the jury to return a verdict for the defendant on the count for nuisance. See *McKenna* v. *Andreassi,* 292 Mass. 213,

217; G. L. (Ter. Ed.) c. 231, § 85; *Murphy* v. *Leggett*, 164 N. Y. 121, 125, 127; *State* v. *Emerson & Morgan Coal Co. Inc.* 150 Md. 429, 442; *Graves* v. *Shattuck*, 35 N. H. 257, 265.

A careful consideration of *Smith* v. *Locke Coal Co.* 265 Mass. 524, and *Gaw* v. *Hew Construction Co.* 300 Mass. 250, upon which the defendant relies to support his contention that the obstruction of the sidewalk was not the proximate cause of the plaintiff's injuries, satisfies us that the actual basis of decision in each of those cases is not in conflict with what we have said here with relation to proximate cause. In the first of those cases it was said that the abutting owner into whose building coal was being delivered by the coal company had a right to make reasonable use of the street adjoining its land so long as it did not unnecessarily obstruct it or render it unsafe for public travel; that the obstruction created by the delivery of the coal across the sidewalk by means of a chute, with nothing to show that it had taken an unreasonable time, was only a mere temporary inconvenience to travellers and hence not an unlawful occupation of the way and did not constitute a nuisance. In the *Gaw* case, under somewhat similar circumstances, the judge, sitting without a jury, also found that the obstruction involved had not existed for an unreasonable period of time and was not a nuisance. It is true that in those cases, as affecting the question of the defendants' negligence, it was said by the court, or found by the judge, that the obstruction was not the proximate cause of the respective plaintiffs' injuries, in each case the plaintiff having gone into the street to pass around the obstruction and slipped on ice in the street and sustained injuries. But in each of those cases the element of nuisance was eliminated and, since the obstruction was not for an unreasonable period of time, was reasonably necessary for the transaction of business and therefore a reasonable use of the street and not an unlawful occupation thereof, and did not interfere unreasonably with the rights of the public, notwithstanding the violation of the ordinance involved, which was not negligence per se, a finding that the defendant was

negligent would have been unwarranted as matter of law. This we conceive to have been the true basis of the results reached by the court in those cases on the questions of negligence. In the absence of evidence sufficient as matter of law to establish negligence on the part of the defendants, no question of proximate cause was really there involved. In the instant case under much different circumstances the issue presented by the plaintiff's count for negligence was left to the jury. On the count for nuisance, as before noted, no issue of negligence on the part of the defendant is involved, and we adhere to the view already expressed that the jury could find that the obstruction of the sidewalk was a public nuisance and that it was the proximate cause of the plaintiff's injuries.

The plaintiff's exceptions in so far as they relate to the count for negligence are overruled. Her exception taken to the direction of a verdict for the defendant on the count for nuisance is sustained, and the case is to be tried anew on that count only.

*So ordered.*