Tomasello, J.
In an action of tort the plaintiff relies on the allegations of count 3 which in substance are that the defendant as owner of certain premises located on a public way, called South Street, in the Roslindale District, of the City of Boston, maintained a covered bulkhead and cellar-way in violation of law which extended into the sidewalk, *366 and which had been constructed in violation- of law so as to constitute a nuisance, and that the plaintiff while walking upon the sidewalk was caused to fall upon the bulkhead and cellarway, resulting in personal injuries to her.
The evidence disclosed by the report indicates that the bulkhead' in question was built about 1913 by the defendant’s father, who at no time had received a permit from the city authorities to open the sidewalk and build the bulkhead. In December, 1938, the defendant was the owner of the premises consisting of a store bordering upon two intersecting streets. On one street was a basement entrance, used once a year for the putting in of firewood. The steps leading from the basement extended into the adjoining sidewalk and the opening or areaway was covered with a heavy iron bulkhead, flush with the surface of the sidewalk, made up of two halves, each very heavy, and lying in a concrete frame and resting on metal cross pieces underneath. Late in the evening of December 1, 1938, the bulkhead then being in good condition, some unknown person attempting to force his way into the basement, disarranged the halves of the bulkhead so that they did not both lie flush with the sidewalk. At about 8:20 o’clock on December 2, the plaintiff, while walking along the sidewall?, stepped on the bulkhead, which gave way or shifted just enough to cause her to fall and injure herself. The defendant had had no notice of the attempted break or of the disarrangement of the bulkhead, and could not reasonably have been expected to discover it.
The plaintiff put in evidence the following revised ordinances of 1925, of the City of Boston, which were in effect at the time of the alleged accident:—
Chapt. 39, sec. 55. “No person shall make a coal hole or other opening in a street, except in accordance with a permit from the commissioner of public works.”
*367 Chapt. 39, sec. 56. “No person shall maintain an entrance to his estate by steps descending immediately from or near the line of a public street unless the same is securely guarded”.
The plaintiff seeks to distinguish the case at bar from that of Turturro v. Calder, 307 Mass. 159, in which the court in passing upon the admissibility of an ordinance similar to that in Chapt. 39, sec. 55 above described, stated at page 161:
“The ordinance does not in terms or by implication forbid the maintenance of an underground area by an owner of the premises which had been constructed years before by a previous owner who had neglected to obtain a license for its construction. There is a plain distinction between the erection and the maintenance of a structure. The ordinance is unusual in that it does not regulate both the construction and the maintenance of certain objects located in the limits of a street, as .is frequently the case”.
The plaintiff argues well that, in the latter case, proof of a public nuisance as a matter of law was beyond the scope of the declaration which alleged only the specific act of negligence in opening the bulkhead door, but we are of the opinion that Count 3 of her declaration did not bring this present action beyond the sphere of the decision of the Turturro v. Calder case, in that she alleges therein “that said covered bulkhead was. erected in violation of law and was maintained by the defendants in violation of law, in that the defendants had no legal right to maintain said bulkhead in the public street, and was a nuisance.”
These allegations conclude that the plaintiff seeks recovery upon a maintenance of the bulkhead “in violation of law”, rather than upon the existence and control of the nuisance as created by another.
*368 It is clear that the ordinance in issue did not require the defendant to secure a license or permit to maintain the bulkhead.
Turturro v. Calder, 307 Mass. 159 at page 162.
ÍJpon the substance of the declaration this cause is distinguishable from the cases of Fuller v. Andrew, 230 Mass. 139 and Leahan v. Cochran, 178 Mass. 566 and we believe that the rulings of the trial judge were consistent with the facts presented.
Ordered:—
Report Dismissed.
*****
Gillen, J.
I agree with the order of the majority of the division but not with the reason for the order.
The finding of the trial judge that there was no nuisance can be construed as a finding that the potential public nuisance was not the proximate cause of the injury and therefore that there was no nuisance that could be charged to the defendant. McKenna v. Andreassi, 292 Mass. 213, 216.
It cannot be said on all the circumstances of the case that the trial judge did not intend this merely because he used the words “I find no nuisance.”
It would seem that the court in Leahan v. Cochran, 178 Mass. 566 indicated that it could conceive of a situation where the owner of a public nuisance (he having no part in the making of it originally) should not be held responsible when he did not have notice to abate a public nuisance or knowledge of its existence.
In the instant ease the bulkhead to all appearances and as a matter of fact was in good condition. It was only by reason of the wrongful act of a stranger in opening the *369 bulkhead covers and not properly closing them that the injury was caused.
It would seem that equity and justice would require that notice be given to the defendant, that many years before the prior owner failed to obtain a permit when he built the bulkhead, before the defendant could be charged with the maintenance of a nuisance especially when the bulkhead was in good condition and of itself had no obvious nuisance character.
In Fuller v. Andrew, 230 Mass. 146 the court said, “these facts are sufficient to support the action against her (the defendant) even though there was no direct evidence of knowledge on her part that the wharf was erected without a license” but in that case there was evidence that the defendant had knowledge that the wharf was in disrepair and dangerous and the defendant did nothing to remedy the condition.
The instant case is therefore to be distinguished.
The issue can be resolved as follows: If, A buys property from B and receives what he bargained for plus a public nuisance that he had no knowledge of and did not bargain for, should he be charged with responsibility for the injury caused by said public nuisance even where he has not been given a notice to abate?
This to my mind is one type of case where although the nuisance is public and not private that a notice to abate should still be required before liability attaches to the defendant and comes within the exception that the court intimated in Leahan v. Cochran, 178 Mass. 566.
In conclusion I feel that a more apt description of this type of nuisance would be “potential public nuisance” rather than public nuisance as referred to in the opinions.