Barron, J.
This is an action for personal injuries sustained by the plaintiff on the premises of the defendant. The issue is whether the court erred in denying the plaintiff’s request for ruling “that the defendant’s negligence was the proximate cause, and the efficient, active, and potentially potent operative cause of the plaintiff’s injuries.”
There was evidence tending to show the following: The plaintiff, a practical nurse, was employed at a hospital, owned and operated by the defendant; that a gravel walk from the street leads to the steps of the hospital piazza; that there are three or four such steps; that the piazza is about twelve feet wide with a vestibule about four feet wide and a threshold with a screen door and a heavy inside door into the hall of the hospital; that after dark, as the plaintiff left the hospital, a week after she had been employed there, she went through the vestibule, opened the inside door which swung in and then the screen door which swung out; *371 that she was stepping over the threshold and as she stepped down, about eight inches, her ankle turned right over; that “it was deeper than she bargained for”; that she groped for something with her hands and fell down; that she took a flashlight out of her bag, turned it on, and saw a small, flat stone there; that it was an ordinary threshold even with the floor of the vestibule; that there was a light fixture in the vestibule but no light, but that the light was on in the hall, and on the porch. The court granted the plaintiff’s request for ruling “that the failure of the defendant to have the place of egress from the place of her employment lighted at the time and place of the accident to the plaintiff constituted negligence on the part of the defendant,” and made the following finding, “I find the defendant’s failure to have the vestibule light lighted was not the cause of the accident” and found for the defendant.
Upon the evidence, it could not properly be ruled as a matter of law that the defendant’s negligence caused the plaintiff’s injuries. “When proof rests upon oral evidence and upon inference, a judge can rarely rule as a matter of law that the burden has been sustained.” O’Brien v. Harvard Restaurant and Liquor Co., 310 Mass. 491, 493. Donahue v. Leventhial, 302 Mass. 393, 395. “Causation is ordinarily a question of fact. It becomes a question of law only when all the facts are established and there can be no reasonable difference of opinion as to the effect of them.” McKenna v. Andreassi, 292 Mass. 213, 217. Jones v. Hayden, 310 Mass. 90, 95.
There is no direct uncontradicted evidence which the trial justice was bound to believe, that the plaintiff fell because it was dark. Except for an inference that the court might or might not have drawn, there is no evidence at all that the darkness had anything to do with the plaintiff’s accident.
*372 Although the plaintiff testified that “it was deeper than bargained for” the reason for the turning of the ankle, which caused the fall, is left to conjecture. The plaintiff testified that she saw a small flat stone, but the presence of the stone is not connected through direct evidence with the cause of the fall any more than is the lack of light in the vestibule.
The plaintiff virtually contends that the judge should have found as a matter of law that the reason the plaintiff turned her ankle was because of the darkness, but there is no evidence to support this contention. It is as conjectural to make this finding, as it would be to say that the plaintiff turned her ankle because she lost her balance through dizziness, or because she wore high heels, or had weak ankles, or through inadvertence.
It appears from the evidence that the court was warranted in finding that the defendant’s negligence was not an effective contributing cause of the plaintiff’s injuries, but merely a condition or attendant circumstance. It cannot be said as a matter of law that the darkness in the vestibule was the proximate cause of the plaintiff’s injuries, which would not have occurred otherwise. Wallace v. Ludwig, 292 Mass. 251.
The question of the defendant’s negligence as a contributing cause of the plaintiff’s injury was one of fact. Leveillee v. Wright, 300 Mass. 382.
It is clear that the trial justice found that the burden of proof resting on the plaintiff to show causal connection had not been sustained.
Report dismissed.