JOSEPHINE WHITTAKER vs. TOWN OF BROOKLINE
(and two companion cases [1]).

Norfolk.    December 4, 1944. — March 5, 1945.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*License. Practice, Civil,* Question of law or fact. *Nuisance. Way,* Public: obstruction, nuisance, defect. *Proximate Cause. Negligence,* Contributory. *Municipal Corporations,* Liability for tort, Officers and agents. *Notice. Real Property,* Independent contractor, Nuisance.

The terms of a permit, issued to a contractor by the superintendent of streets of a town "to obstruct, occupy, and encumber a space" of described dimensions "of the sidewalk, in front of the premises of" a certain shop of a stated number on a street "for the purpose of remodeling store front," were plain and free from ambiguity, and, the facts to be applied to the terms of the permit being undisputed at the trial of an action for injuries received from contact with a portion of a scaffolding originally placed at the location designated in the permit but afterwards moved to the sidewalk in front of adjacent premises for a purpose not stated therein, it was error to submit to the jury the question, whether the erection and maintenance of the scaffolding in the changed location was authorized by the permit.

A permit, issued by a municipal official "to obstruct, occupy, and encumber a space" of described dimensions "of the sidewalk, in front of the premises of" a certain shop of a stated number on a street for a specified purpose, did not authorize the erection and maintenance of a scaffolding for a different purpose in front of the premises adjoining those set forth in the permit, although both premises belonged to the same owner.

Maintenance by a contractor of a scaffolding obstructing a public sidewalk in a town in front of a bank building adjoining a shop instead of in front of the shop as designated in a permit issued to him by the superintendent of streets of the town, and for a purpose different from that stated in the permit, constituted a nuisance on the public way.

Both an independent contractor, who committed a nuisance by erecting a scaffolding obstructing a public sidewalk in front of certain premises, and the owner of such premises, who had contracted with the contractor for the erection of the scaffolding there, were liable for personal injuries proximately resulting from its presence.

---

[1] The companion cases are Josephine Whittaker vs. Brookline Trust Company and Josephine Whittaker vs. Cyril C. Reynolds.

Evidence, that a blind woman, proceeding along a sidewalk to go into a bank building in front of which had been erected a scaffolding constituting a nuisance on the sidewalk, missed a cross bar which on previous occasions she had felt there and tripped and fell on a board at the bottom called a "kick-piece" and was injured, warranted a finding that the nuisance was the proximate cause of her injuries and did not require a finding that she was guilty of contributory negligence.

A scaffolding, obstructing a public sidewalk in a town in a location other than that stated in a permit issued by the superintendent of streets of the town, might be found to be a defect within G. L. (Ter. Ed.) c. 84, § 15, and, on evidence that it had remained there for several days to the knowledge of the superintendent and might have been remedied by reasonable care and diligence, the town might be found liable for injuries proximately caused to one stumbling on a part of the scaffolding.

Knowledge on the part of the superintendent of streets of a town of a defect in a public sidewalk was knowledge of the town within G. L. (Ter. Ed.) c. 84, § 15.

THREE ACTIONS OF TORT for personal injuries alleged to have been sustained because of the scaffolding described in the opinion. Writs in the Superior Court dated April 6, 1942.

The cases were tried together before *Swift*, J.

*L. J. O'Malley,* (*J. W. Tushins* with him,) for the plaintiff.

*D. F. Lynch,* for the defendant Reynolds.

*D. D. Leahy,* for the defendant Brookline Trust Company.

*D. J. Daley,* for the defendant town of Brookline, submitted a brief.

DOLAN, J. These are three actions of tort to recover compensation for personal injuries sustained in circumstances set forth below. The actions are brought by the same plaintiff against the town of Brookline, the Brookline Trust Company and Cyril C. Reynolds, doing business as Milton F. Reynolds & Son, respectively. The cases come before us on the plaintiff's exception to the action of the judge in allowing the defendant's motion in each case for a directed verdict.

The evidence in its aspect most favorable to the plaintiff would have warranted the jury in finding the following facts: On November 28, 1941, the defendant town through its superintendent of streets issued a permit to the defendant Reynolds, in the name of M. F. Reynolds & Son, grant-

ing permission "to obstruct, occupy, and encumber a space not exceeding 20 feet in length, by 4.5 feet in width, of the sidewalk, in front of the premises of Springer's Flower Shop No. 1623 Beacon Street for the purpose of Remodeling Store Front until 6:00 December 28, 1941 subject to the terms and conditions endorsed hereon. Said licensee to put said streets in good condition satisfactory to the Superintendent of Streets on or before the last day mentioned above. Extended on Dec. 15, 1941 to Jan. 15, 1942 Daniel G. Lacy Supt. of Streets H.D. Countersigned. This is to certify that the above named hereby accepts all the terms and conditions upon which this permit is granted. Cyril C. Reynolds."[1]  Under section 20 of the by-laws of the defendant town a permit was required for the erection of the structure in question, and the parties agreed that the superintendent of streets had authority to issue the permit. The premises occupied by Springer's Flower Shop were owned by the defendant trust company. They were numbered, as set forth in the permit, 1623 Beacon Street. They adjoined the premises of the trust company at 1627 Beacon Street. At the time of the accident the staging was located in front of the premises at 1627 Beacon Street occupied by the trust company. The staging had been so located that the walls of the trust company's building itself could be pointed by the Emerson Norris Company, but under the contract with the trust company Reynolds had the duty of supervising the staging and of taking care to put lights on it at night and to put them out in the morning. Reynolds obtained the permit, and first erected the staging in front of Springer's Flower Shop and later moved it to the front of the trust company's building in accordance with an agreement between Reynolds and officers of the trust company. The bills for the work of providing the staging were sent by Reynolds to the trust company. At the time of the

---

[1] The general terms and conditions are set forth in the record. They contain no description of the locus at which the permit was to be used other than as they incorporate by reference that defined in the permit. The terms and conditions provide that the licensee shall indemnify the town for any damage sustained or required to be paid by it by reason of the doing of the work or by reason of any violation of any specification in the permit. See *Boston v. A. W. Perry, Inc.* 304 Mass. 18.

accident the staging extended from a point a little less than four inches from the wall of the trust company's building, and was "about 20' long and about 4' 4" wide, and the sidewalk is about 8' wide. There were cross bars in the upper part as bracings, leaving the inside open." There was a board at the bottom called a kick-piece, and a cross bar about waist high. The entire structure was six feet one inch high, and both ends were open except for cross bars. There was an opening in the center of the staging for an entrance to the trust company during alterations. On December 31, 1941, at about noon, the plaintiff, who was blind, was proceeding on the sidewalk to go to the trust company to cash a check. She had been there before, and on the last fifteen occasions she had felt the waist high cross bar on the staging. The "first time the barrier was up a woman caught hold of her and told her about the barrier and for about fifteen times after that she went to or by the premises feeling the bar" (the cross bar). At the time of the accident "she put up her hand and felt for the bar and tried to catch it but it was not there." She felt something at her feet which caused her to fall. The cross bar "had been there for about a month to her knowledge." The jury could have found that in the absence of the cross bar the plaintiff tripped over the "kick-piece" and was injured. No question is raised by the town with reference to the sufficiency of the notices of the accident given by the plaintiff.

At the conclusion of the evidence the judge allowed the defendant's motion for a directed verdict in the case against the town of Brookline, without passing then on the motions of the defendants in the cases against the Brookline Trust Company and Reynolds for directed verdicts, submitted to the jury the question, "Was the erection and maintenance of the scaffolding or staging, as it existed on December 31, 1941, authorized by Exhibits 2 and 3?" and instructed them that the question for them to decide was "whether or not this so called permit, this paper, was issued by the authorities of Brookline, granting permission to M. F. Reynolds & Son Co. [*sic*] to occupy a space not exceeding twenty

feet in length, and four and a half feet in width of the side-walk in front of the premises the Springer Flower Shop, No. 1623 Beacon Street, for the purpose of remodelling the store front," and that, "In order to determine that question you have a right to take into consideration who were the contracting parties that made the arrangement for re-pairing the pointing of the building. What did the build-ing embrace? Did the Brookline Trust Company own the building? —— And you are to decide these questions, of course, from the evidence that you have heard. —— Did they own the building? Did it embrace, at the time when the arrangement was made with Reynolds Co., a vacant store, or a filled store, an occupied store? Did it embrace the wall that extended over the entire frontage of the property, provided it was twenty feet in length, and not more than four and a half feet in width? That is the ques-tion for you to determine . . . whether or not, the erection and maintenance of the scaffolding or staging, as it existed on December 31, 1941, was authorized by the terms that are symbolized by Exhibits 2 and 3." The plaintiff duly excepted to the submission to the jury of this question, to the denial of certain of her requests for instructions and to the instructions given by the judge to the jury. The answer of the jury was "Yes." Thereupon the judge allowed the motions of the trust company and Reynolds for directed verdicts, and the plaintiff duly excepted.

The submission to the jury of the question as to the proper interpretation of the terms of the permit, which were plain and free from ambiguity, was erroneous. In the construc-tion of written instruments words that are plain and unam-biguous must be construed according to the common and approved usage of the language, that is, in their usual and ordinary sense. G. L. (Ter. Ed.) c. 4, § 6, Third. *Morse* v. *Boston*, 260 Mass. 255, 262. *Levin* v. *Century Indemnity Co.* 279 Mass. 256, 258. And it is only where more than one view can be taken of the evidence respecting the cir-cumstances of the parties and the condition of the subject with which they are dealing that a proper case arises for the jury. *Atwood* v. *Boston*, 310 Mass. 70, 75, and cases

cited. In the present cases there was no dispute as to the facts to be applied to the terms of the permit. The evidence disclosed that Springer's Flower Shop was in fact located at 1623 Beacon Street just as set forth in the permit, and that the premises of the trust company, in front of which the structure in question was at the time of the accident, were located at 1627 Beacon Street and adjoined those occupied by Springer's Flower Shop. There was no conflict with respect to that evidence. It follows that the construction of the written permit was to be treated as a question of law for the judge. In our opinion the proper construction of the terms of the permit is that it was restricted as matter of law to the premises in front of Springer's Flower Shop. It follows from what we have said that, had the present cases been submitted to the jury, they would have been obliged to find that at the time of the accident the structure in question was an unauthorized obstruction and a nuisance on the public way, and that in the circumstances the obstruction had existed for an unreasonable period of time, a time longer than necessary for the transaction of such business as is ordinarily carried on in the course of the occupancy of buildings abutting on the way. See *Jones* v. *Hayden*, 310 Mass. 90. Compare *Gaw* v. *Hew Construction Co.* 300 Mass. 250, 255.

We are not concerned in the case against Reynolds with any question of negligence on his part. The evidence would have warranted a finding that the structure which was erected by him was an unlawful obstruction or nuisance in the public way. Nevertheless, just as in cases of negligence, the plaintiff in order to prevail must show that the nuisance was the proximate cause of her injury, an effective and contributing cause and not merely a condition or an attendant circumstance. *Dalton* v. *Great Atlantic & Pacific Tea Co.* 241 Mass. 400, 403. *McKenna* v. *Andreassi*, 292 Mass. 213, 216–217, and cases cited. *Bullard* v. *Mattoon*, 297 Mass. 182, 186–187. *Jones* v. *Hayden*, 310 Mass. 90, 95. In the instant case the jury could have found that the plaintiff was injured as she was proceeding on the sidewalk by tripping over the so called kick-piece at the bottom of

the structure, the obstructing nuisance, and that it was the proximate cause of her injuries. We are also of opinion that it could not have been ruled properly that the plaintiff was guilty of contributory negligence. The jury could have found that, although the plaintiff knew of the existence of the obstruction, she was exercising reasonable care in an attempt to avoid injury therefrom. See *Keith* v. *Worcester & Blackstone Valley Street Railway*, 196 Mass. 478, 482–483. It follows that the action against Reynolds should have been submitted to the jury.

With respect to the case against the town, we think that case also should have been submitted to the jury on the question whether the plaintiff's injuries were caused by a defect in the highway. The counts of the plaintiff's declaration relied upon by her are sufficient to raise the issue whether her injuries resulted from such a defect. We are of opinion that the obstruction of the way in the present case could have been found by the jury to have been a defect within the meaning of the governing statute, G. L. (Ter. Ed.) c. 84, § 15. *Junkins* v. *Stoneham*, 234 Mass. 130, 133. *Witham* v. *Boston*, 262 Mass. 291. *Guidi* v. *Great Barrington*, 272 Mass. 577, 579. "Objects resting upon the surface of a properly wrought way, if of a nature to obstruct travel, have been held to make the way defective." *Bowman* v. *Newburyport*, 310 Mass. 478, 481, and cases cited. See *West* v. *Lynn*, 110 Mass. 514; *Arey* v. *Newton*, 148 Mass. 598; *Valvoline Oil Co.* v. *Winthrop*, 235 Mass. 515. A "defect" or "want of repair" in the highway "is anything in the state or condition of the highway which renders it unsafe or inconvenient for ordinary travel." *Gregoire* v. *Lowell*, 253 Mass. 119, 121. It is enough that it makes dangerous any mode of travel which the public has a right to use. *Powers* v. *Boston*, 154 Mass. 60, 62. And an unlawful obstruction of the public way is a defect. See *Snow* v. *Adams*, 1 Cush. 443, 446; *Stoliker* v. *Boston*, 204 Mass. 522, 537; *Cannon* v. *Worcester*, 225 Mass. 270, 272. Whether the obstruction here in question was a defect was a question of fact for the jury, *Thomas* v. *Winthrop*, 222 Mass. 456, 457–458, since they could have found that the illegal obstruction, the

defect, had existed for a number of days to the knowledge of the town and that it might have been remedied by reasonable care and diligence on the part of the town, but was not. The jury could have found that the superintendent of streets of the town was aware of the existence of the structure during the entire period that it was located in front of the trust company's building. He testified that he was a director of the trust company and was familiar with the work while it was progressing. The knowledge of the superintendent of streets was sufficient to bind the town. *Mason* v. *Winthrop*, 196 Mass. 18. *Bowman* v. *Newburyport*, 310 Mass. 478, 482, and cases cited. His testimony to the effect that he understood that the permit was to include the front of the trust company's building cannot avail the town, for reasons already set forth above as to the interpretation of the permit. We have already disposed of the question whether the obstruction could have been found by the jury to have been the proximate cause of the plaintiff's injuries. The action against the town should have been submitted to the jury.

The question remains whether the motion of the trust company for a directed verdict in its favor was allowed properly. Since the illegal obstruction of the sidewalk in front of the premises of the trust company was a nuisance, and no question of negligence on the part of the trust company is involved, and the jury could have found that the obstruction was the proximate cause of the plaintiff's injuries, as before pointed out, and could also have found properly that it was placed in front of the premises of the trust company by Reynolds in accordance with an agreement made with him by the trust company, we are of the opinion that the fact that Reynolds acted as an independent contractor in erecting and supervising the structure in the unauthorized location where it was at the time of the accident does not absolve the trust company from liability to the plaintiff. The jury could have found that the trust company was in control of the locality of the obstruction. There is nothing in the statute relative to the liability of municipalities for injuries sustained by one as a result of a

defect in a public way that frees from liability an abutter who participates in an illegal obstruction of the way, resulting in injury to another. *McCarthy* v. *Shaheen,* 264 Mass. 90, 91–92. See *Boston* v. *A. W. Perry, Inc.* 304 Mass. 18, 20, 21. And it is settled that if, as in the present case, the contract cannot be performed except under the right of the employer, who retains the right of access to the premises, the employer, having caused the highway to be obstructed, is bound at his peril to see that a nuisance is not created thereby. *Woodman* v. *Metropolitan Railroad,* 149 Mass. 335, 340, and cases cited. *Boomer* v. *Wilbur,* 176 Mass. 482, 484. *Stoliker* v. *Boston,* 204 Mass. 522, 537–538. *Pickett* v. *Waldorf System, Inc.* 241 Mass. 569, 570. *Brandolino* v. *Carrig,* 312 Mass. 295, 296. *Berman* v. *Greenberg,* 314 Mass. 540, 543–544. See cases cited in 15 Harv. L. Rev. 486. We have already pointed out that the illegal obstruction on the sidewalk in front of the trust company's premises was a nuisance. The case against the trust company is thus distinguishable from *Regan* v. *Superb Theatre, Inc.* 220 Mass. 259, 260.

The case against the trust company as well as that against each of the other defendants should have been submitted to the jury. In each case the entry will be

*Exceptions sustained.*